THOMAS J. FULCHER *v.* STATE OF MISSISSIPPI.

1. JURORS. *Disqualification. Aliens. Constitution* 1890, *Sec.* 264. *Objection after verdict.*

   Under Constitution 1890, § 264, providing that jurors must be qualified electors, able to read and write, but the want of qualification of a juror shall not vitiate a verdict, an objection that a juror was an alien and therefore not a qualified elector cannot be made after verdict.

2. SAME. *Absence of knowledge.*

   In the absence of a showing that the facts of which an objection to a juror is predicated were unknown to the objecting party and his counsel when the juror was accepted on the panel, the objecton will be unavailing.

3. CRIMINAL LAW. *Murder. Instruction. Self-defense.*

   In a murder case a defendant's instruction to the effect that the jury must acquit if there be a reasonable doubt whether at the time the deceased was struck by defendant he was attempting to strike defendant with a hoe, may be properly modified by adding thereto the words, "If you believe the hoe was a deadly weapon in the hands of deceased, and that it was really or apparently necessary for the defendant to strike to protect himself."

FROM the circuit court of Yazoo county.

HON. ROBERT POWELL, Judge.

Fulcher, appellant, was indicted and tried for the murder of one McNeal; he was convicted of manslaughter and appealed to the supreme court.

The evidence for the state was substantially as follows: Appellant and deceased were neighbors, their fields lying adjacent, and separated by a wire fence. McNeal was a small man, and about seventy years old, and Fulcher was forty-five years old, and weighed one hundred and fifty pounds. Appel-

lant and deceased had been on good terms up to the day the fatal blow was struck. On that day Fulcher quit work about five o'clock in the afternoon, put his hoe on his shoulder, went over the cross fence to where deceased was hoeing a few feet from the fence, in his own field, told him he must keep his chickens out of appellant's field, and deceased replied that he could not do so. Fulcher then became angry, and hit deceased in the face with his fist, and then struck him on the head with a hoe, and at this time deceased was not making any attempt to strike Fulcher with his hoe, but had left it some distance away. The evidence for the defense was to the effect that deceased's stepson had circulated scandalous reports about defendant's daughter; that defendant had seen deceased about this, and deceased had promised to correct the boy, and at the time of the difficulty Fulcher was on his way from one part of his field to another, his path leading near where deceased was working, and, as he approached, deceased beckoned him to come by, and said to him, "That report you talked about my boy is a lie;" that some angry words then passed, and deceased raised his hoe to strike defendant, when defendant struck deceased with the hoe he had on his shoulder. Deceased lived a little over a week, and died from the effects of the wound. Defendant, on the trial, asked the following instruction (No. 7): "The court instructs the jury that they must acquit the defendant if they believe there is a reasonable doubt whether at the time McNeal was struck by the defendant that he (McNeal) was attempting to strike Fulcher with a hoe." The court added to this instruction the following, "if you believe the hoe was a deadly weapon in the hands of McNeal, and it was really or apparently necessary for the defendant to strike to protect himself," and gave it as thus modified.

*E. R. Holmes,* for appellant.

The jury that tried and convicted the appellant had as a

member thereof one A. Narrowitz, who was not a citizen of the United States. This defect is fatal to the verdict, as it did not give the appellant such a trial by jury as is guaranteed to him by the constitution of the United States and of the state of Mississippi. Section 31 of the constitution of the state of Mississippi provides: "The right of trial by jury shall remain inviolate." This has been construed by our court to mean a jury composed of twelve men, and to be such a jury as was provided for at common law . *Wolfe* v. *Martin,* 1 How. (Miss.), 30; *Byrd* v. *State,* 1 How. (Miss.), 163; *Isom* v. *R. R. Co.,* 36 Miss., 300.

It will be seen that Narrowitz was a tales juror, that he was not on the special venire or the regular panel and, therefore, the appellant cannot be held to have waived the objection, as in the case of *George.* v. *State,* 39 Miss., 570, for in that case the juror Waller was on the special venire.

In this case Narrowitz was not only a tales juror, but swore on his *voir dire* that he was a qualified elector of the county, etc. This, of course, disarmed the defendant and his attorneys of any suspicions which they might have entertained as to the disqualifications of the juror; and even if it had not so disarmed them, they had no opportunity to investigate and prove the falsity of his statements made on his *voir dire,* as the trial progressed at once and the attorneys and the defendant both had to be present.

The case ought to be reversed because the court erred in modifying the seventh instruction asked by the defense. There was no evidence to show that McNeal was not physically able to inflict great bodily harm if he had attempted to strike Fulcher.

*William Williams,* attorney general, for appellee.

While it may be true that the juror Narrowitz was born in Vienna, Austria, and was not a naturalized citizen of the state

of Mississippi or of the United States, on his *voir dire* he qualified as a juror. Appellant and his counsel had every opportunity given by law to test the qualifications of said juror, and after having had this opportunity they accepted him as a juror. The appellant had it completely in his power to ascertain whether the said juror, Narrowitz, tendered to him, was not qualified. The constitution and the statutes of the state are careful of the rights of parties charged with a capital offense. Appellant had a right to examine each person presented as a juror relative to his qualifications, his feelings, and convictions in reference to his guilt or innocence. The question here presented was settled by this court in *George* v. *State,* 39 Miss., 570. In this case this court said sound policy dictates that the accused shall not be permitted, after having a chance of acquittal, to insist as a ground for a new trial, upon a want of qualification in the jurors, of which he might have availed himself as a cause of challenge by using proper diligence. The want of qualification in any juror shall not vitiate any verdict, Section 264, constitution of 1890; section 2354, Code 1892; *Williams* v. *State,* 37 Miss., 407; *Nail* v. *State,* 70 Miss., 32.

The jury had all the facts before them and it was their duty to say whether the hoe in the hands of McNeal was a deadly weapon, and whether it was really or apparently necessary for Fulcher to strike in order to protect himself. The pinciple announced in this instruction is well settled by this court. *Bang* v. *State,* 60 Miss., 571.

CALHOON, J., delivered the opinion of the court.

The objection that the juror, Narrowitz, was not a qualified voter, but an unnaturalized foreigner, was made too late, being after verdict. Moreover, it nowhere appears, by affidavit or otherwise, that this fact was unknown to the accused or his counsel when the juror was accepted. Const., sec. 264; *Tolbert* v. *State,* 71 Miss., 191, 14 South., 462, 42 Am. St. Rep., 454; *George* v. *State,* 39 Miss., 570.

The court below did not err in its modification of the seventh charge asked by the defendant.

*Affirmed.*