ELIAS CAIN v. STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Disqualifications of grand jurors.* Code 1892, § 2375.

Challenges to grand jurors for disqualifications must be submitted before the grand jury is impaneled, regardless of whether the disqualification arises from bias or from personal incompetency, under Code 1892, § 2375, providing that grand jurors shall be examined by the court touching their qualifications before being sworn, and thereafter no objection shall be raised to the grand jury, but its impaneling shall be conclusive evidence of its qualifications.*

2. SAME. *Defendant unadvised.*

The statute applies to the case of a defendant who was not advised that his case was to come before the grand jury for investigation and precludes him from raising any question as to the competency of any one or more grand jurors by motion to quash the indictment.

FROM the circuit court of, second district, Carroll county.

HON. WILLIAM F. STEVENS, Judge.

Cain, the appellant, was indicted for manslaughter, in that he killed one Virgil Jones. Defendant moved the court to quash the indictment on the ground that one of the grand jurors who found the indictment was not a citizen or resident of the county; that he was prejudiced against defendant and had prejudged his guilt in this case before he was impaneled; that the said juror was instrumental in causing the indictment to be found, urged its finding on the other jurors, etc.; that defendant was not under bond to appear to await the action of the grand jury, and therefore had no opportunity to challenge any of the grand jurors before it was impaneled—in fact, defendant was not advised that the grand jury would consider any charge against him, etc.

The motion to quash the indictment was overruled. Defendant was tried and convicted, and appealed to the supreme court.

---

*See *Posey* v. *State*, ante p. 141.

*McClurg, Gardner & Whittington,* for appellant.

Where one is indicted by a grand jury in his absence, and who is not under bond, in jail, or otherwise bound to appear at that term of court, he is not cut off from inquiry as to the competency of the grand jurors that preferred a charge of felony against him. There are laws, common rights, that statutes cannot reach. One of such laws, especially· in this state, is that a grand jury means not less than twelve men taken from the body of the county of the alleged crime. No statute can make an indictment good that is found by less than twelve, nor can a statute make an indictment good in this state that is presented by women, children, Indians, or non-residents of the state or non-residents of the county.

There has never been a law of any kind in this state, or in any other state of the union, so far as we have been able to find, allowing grand jurors to be taken from any county save that of their residence. The long-fixed policy of this state and of this country, based upon the ancient common-law rule of taking jurors from the vicinage or the hundred, is emphasized by the constitutional and statutory requirements in this state that they must be qualified electors. The old idea of fixed and permanent residence is strengthened by the qualifications pre-scribed. Wherever "grand jury" or "petit jury" is mentioned in the constitution, the common-law jury is meant. No other idea was contemplated by the convention. It has been seriously questioned whether, under a statute like ours requiring the appointment of jurors from the supervisors' districts of the county, a lawful jury could be selected without strict compliance with the statute. Constitution 1890, secs. 13, 31, 26, 27, 264; *Purvis Case,* 71 Miss., 706; 10 Ency. Pl. & Pr., 254, 429, 430, and notes; *English* v. *State,* 12 South. Rep., 689; *Donald* v. *State,* 12 South. Rep., 695; *Reynolds* v. *State,* 14 South. Rep., 723; Shars. Blk. Com., vol. 4, p. 302; *Russell* v. *State,* 28 L. R. A., 195, and notes; *State* v. *Hostetter,* 38 L. R. A., 208, and notes.

We do not overlook the fact that since 1870 there has been a statute of this state providing that the impaneling of the grand jury shall be conclusive evidence of the competency of its members, and that all objections not made to the array are cut off. *Head's Case,* 44 Miss., 731, and *Durrah's Case,* 44 Miss., 797, are at the head of the list on this subject. The court will not fail to see the distinction insisted upon. "Any person interested, whose conduct may be the subject of inquiry and investigation, may challenge or except to the array for fraud," or he is shut out from further objection. But if he is not interested in the sense used in the statute, or subject to investigation as contemplated by the statute—that is, under bond or in jail—then he is not deprived of his right to inquire into the legality of the panel. If a man from another state should happen to be indicted here, being under no bond to appear, and at liberty, certainly he would be permitted to inquire into the competency of the grand jurors who presented an indictment against him for manslaughter.

*William Williams,* attorney-general, for appellee.

It is well settled that a defendant, after indictment or conviction, cannot raise objection to the grand jury by which he was indicted or to the jury by which he was convicted. Constitution 1890, sec. 264; *Nail* v. *State,* 70 Miss., 32; *Tolbert* v. *State,* 71 Miss., 179; *George* v. *State,* 39 Miss., 570.

TRULY, J., delivered the opinion of the court.

The mere fact that one of the grand jurors who returned the indictment against appellant was disqualified cannot avail when presented by motion to quash after the indictment has been found and returned into court. Code 1892, § 2375, practically .in its present form, has been the law of this state for nearly fifty years, and an unbroken line of decisions construing it have uniformly held that an appellant desiring to take advantage of any lack of qualification on the part of any grand

juror or any number of grand jurors must submit a challenge at and before the impaneling of the grand jury; otherwise the impaneling is conclusive evidence of its competency and qualification. The section recognizes no difference in the disqualification of grand jurors. Whether this disqualification is predicated of bias or prejudice towards the party whose case is to be investigated, or whether the incompetency arises on account of residence, from lack of qualification as an elector, or other cause, the result is the same. Nor can it avail a defendant indicted that he was not advised that his case was to come before the grand jury for investigation. The section is intended to cut off all objections by every person, unless preferred at the time pointed out therein—that is, before the grand jury has been sworn and impaneled—or unless the challenge be to the array and be predicated of fraud. The reasons which necessitated the adoption of this statute have been clearly pointed out in decisions of this court heretofore, and we deem repetition thereof unnecessary, further than to say that any other rule would render the execution of the criminal laws so difficult as to practically prevent their enforcement. It would rarely happen that after indictment a party indicted, especially if for a crime of any degree of notoriety, would not be able to raise some objection to some member of the grand jury panel, either of prejudice or bias, previous expression of opinion, incompetency, or disqualification, and the time of the court would be consumed in the determination of collateral issues thus presented. The welfare of society depends largely on the enforcement of the criminal laws of the state, and this and the orderly dispatch of business demand a continued strict adherence to the construction heretofore placed on this section. *Head* v. *State,* 44 Miss., 731; *Durrah* v. *State, Id.,* 789; *Fulcher* v. *State,* 82 Miss., 630 (35 South. Rep., 170); *Lienburger* v. *State* (Tex Civ. App.), 21 S. W., 608.

*Affirmed.*