JOSEPH HILL v. STATE OF MISSISSIPPI.

[42 South. Rep., 380.]

1. CRIMINAL LAW AND PROCEDURE. *Federal courts. Constitutional right. Rules of decision.*

Where a motion to quash an indictment for homicide was based on a right claimed under the federal constitution, whether such right was properly pleaded was a federal question, and the state court was bound by the federal decisions that, when a defendant has had no opportunity to challenge the grand jury which found the indictment against him, objection to its constitution may be taken either by plea in abatement or motion to quash before pleading in bar.

2. SAME. *Bill of exceptions. Minutes.*

Where a bill of exceptions recites that a motion to quash an indictment was overruled before plea of not guilty, and the indorsement of the date of the filing of the motion and the date of the overruling order both show that it was overruled after plea, the record will be taken as showing that the motion was overruled after plea of not guilty.

3. SAME. *Lack of legal advice. Plea ignorantly filed.*

Where accused was in jail when an indictment was returned against him, and he was arraigned and pleaded not guilty, and on account of his poverty attorneys were appointed to represent him, and it does not appear whether the plea was entered before counsel were appointed or not, but it appears that the arraignment was had and the plea entered before receiving legal advice, a judgment of conviction would be reversed, in order that a plea of not guilty so inadvertently or ignorantly entered may be withdrawn and a motion to quash filed in the case may be heard on its merits.

4. SAME. *Jury. Selection. Objections.*

An objection to the manner in which petit jurors had been selected for the term of court by the authorized officials is immaterial, where the jury box had been exhausted and the entire jury empaneled to try the case was composed of talesmen selected by the sheriff and his deputies.

FROM the circuit court of Warren county.

HON. OLIVER W. CATCHINGS, Judge.

Hill, the appellant, was indicted, tried, and convicted of murder, and appealed to the supreme court. The opinion shows the facts controlling the decision.

*T. D. Marshall,* and *H. H. Coleman,* for appellant.

In its anxiety to do justice, the law always excuses the non-performance of the physically impossible. The defendant was arrested immediately after the shooting took place, and was closely confined in jail from that day until the day of the trial, when he was arraigned to plead to the indictment. He had no counsel, nor could he procure any by reason of his poverty and friendlessness, and none was given him by the court until the day before the trial.

When opportunity offered, the defendant at once sought to avail himself of his civil and legal right to object to the grand jury through his motion to quash. Can it be said that the defendant slept upon his right when it is evident that as soon as a means to assert it was presented he diligently took advantage of it? We cannot bring ourselves to believe that in a capital case, where the circumstances are as set forth in the bill of exceptions herein that this court, contrariwise to recent decisions of the United States supreme court, will allow a mere technicality of the local law of procedure to defeat the civil, legal, and constitutional right of the defendant to object to the panel of the grand jury when it is shown he used all diligence in his power to assert it. *Rogers* v. *Alabama,* 192 U. S., 226.

The court refused to hear testimony on the motion to quash the indictment, although the defendant was ready to show by creditable witnesses that a petition to have qualified negroes placed upon the jury lists had been presented to the board of supervisors.

It was admitted by the state and the defendant that the jury who had been selected to try the cause were talesmen; that

neither a special venire or a venire facias had been summoned, because the fact appeared upon the hearing of the motion to quash the panel of petit jurors that this was the fact; but the defendant was not apprised of this situation until he presented his motion and much testimony had been heard thereon, whereupon the court ruled, erroneously we think, that the motion could not be sustained because of the fact that the jury who were to try the cause were talesmen. It is clear from his own testimony that the sheriff would not summon negroes as jurors simply because they were negroes, and without reference to their qualifications under secs. 264, 242, 243, and 249, Constitution of Mississippi, 1890.

*R. V. Fletcher,* assistant attorney-general, for appellee.

Defendant made a motion to quash the indictment, because there were no negroes on the grand jury that found the bill. This motion was made too late, as held in *Posey's case.*

A further motion was made to quash the petit jury because there were no negroes on this jury. This jury was summoned by the sheriff from the bystanders, not drawn from the jury box, the regular juries having been discharged, and no special venire having been called for. The evidence totally failed to show any discrimination against the negroes on account of race, color or previous condition of servitude. The testimony of the sheriff and his deputy, who are vested with discretion in the selection of talesmen, shows very clearly that no constitutional right of the defendant has been violated. The only other question raised in this case is that the circuit judge used the word "will" instead of "must" in a certain charge stating the result of a verdict of guilty as charged. I respectfully submit that this contention is without merit.

CALHOON, J., delivered the opinion of the court.

The court below refused to consider the motion to quash the indictment solely on the ground that the objection to the consti-

tution of the grand jury should have been made before the grand jurors were sworn and impaneled. Sec. 2375, Code of 1892, making the impaneling of the grand jury conclusive evidence of its competency and qualifications, has been often considered by this court, and has been held applicable even to a defendant who was not advised that any accusation against him was being considered by that body. *Cain* v. *State,* 86 Miss., 505 (38 South. Rep., 227); *Posey* v. *State,* 86 Miss., 141 (38 South. Rep., 324); *Head* v. *State,* 44 Miss., 731; *Durrah* v. *State,* 44 Miss., 789. We adhere to these cases.

However, the objection to the grand jury presented by the motion to quash in this case is based on a right claimed under the federal constitution, and it has been held by the supreme court of the United States that the question whether a right arising under the constitution or laws of the United States is sufficiently pleaded or brought to the notice of a state court is itself a federal question. *Neal* v. *Delaware,* 103 U. S., 370 (26 L. ed., 567); *Mitchell* v. *Clark,* 110 U. S., 633 (4 Sup. Ct., 170; 28 L. ed., 279; *Boyd* v. *Nebraska,* 143 U. S., 135 (12 Sup. Ct., 375; 36 L. ed., 103). It has also been held by that court that, when a defendant has had no opportunity to challenge the grand jury which found the indictment against him, objection to its constitution may be taken either by plea in abatement or motion to quash the indictment before pleading in bar. *United States* v. *Gale,* 109 U. S., 65 (3 Sup. Ct., 1; 27 L. ed., 857); *Carter* v. *Texas,* 177 U. S., 442 (20 Sup. Ct., 687 ; 44 L. ed., 839). Whatever application we may give to the statute in cases not involving a federal question reviewable by the supreme court of the United States, we are bound by the above rulings of that tribunal. Since the motion to quash clearly presented a federal question, we must hold in this case that it was error to refuse to consider the motion to quash on the ground that it was presented after the grand jury was impaneled.

The minutes of the court, as certified to us in the transcript,

show that the defendant was arraigned on December 8, 1905, and pleaded not guilty. The motion to quash the indictment was not filed until December 13, 1905. This clearly appears, both from the indorsement of its filing made by the clerk and by the date of the affidavit accompanying the motion to quash. It nowhere appears that the plea of not guilty, previously entered, was withdrawn. It is true the motion to quash, as copied into the transcript, contains the indorsement: "Filed and overruled on plea of not guilty entered when called upon by the court to plead to the indictment." The indorsement of filing is not dated, but the order overruling the motion recites that it was made on December 13th. It is hardly necessary to say that this recital that the motion to quash was heard and overruled before the entry of the plea of not guilty must yield to the positive recital of the minutes. There is also a recital in the bill of exceptions that the motion to quash was filed before the plea of not guilty was entered, but the motion itself exhibited in the bill of exceptions bears date of December 13, 1905, and thus negatives this recital. If it did not, there would still be a clear conflict between the minutes of the court and the bill of exceptions. In such cases, it is well settled that the minutes will control. 3 Cyc., 153.

But the record shows that, when the indictment was returned, defendant was in jail, and that, on the day he was arraigned and pleaded not guilty, on account of his inability, through poverty, to employ counsel, attorneys were appointed by the court to represent him. It does not appear whether the plea of not guilty was entered before counsel were appointed or not. If we were satisfied from the record that the plea of not guilty was entered on the advice of counsel, or after opportunity to consult with them, we would not hesitate to hold that the objections to the indictment were waived by the plea of not guilty. Under the peculiar circumstances of this case, as it seems probable that the arraignment was had and the plea of not guilty was entered

ignorantly and before receiving legal advice, we are unwilling to hold that the defendant has been cut off from his right to object to the constitution of the grand jury.   We think it more consonant with justice to reverse and remand, in order that, if the plea of not guilty was, in fact, inadvertently or ignorantly entered, it may be withdrawn, and the motion to quash may be heard on its merits.   We intimate no views as to the sufficiency of the grounds set out in the motion, or the sufficiency of the evidence to sustain it, since the Court below has not passed upon these questions.

As to the objection to the constitution of the petit jury, it is sufficient to say that it was presented verbally by motion to quash the panel, and the sole ground of the motion relates to the making up of the jury lists and jury box by the board of supervisors.   It was shown, however, that before the case was tried the jury box had been exhausted, and the entire petit jury was composed of talesmen selected by the sheriff and his deputies. The evidence as to the manner in which the petit jury was selected by the sheriff was, therefore, not responsive to the motion, was therefore immaterial, and the motion was properly denied.

*Reversed and remanded.*