CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## OCTOBER TERM, 1911.

---

## J. W. McCoy *v.* State.

[57 South. 622.]

1. GRAND JURY. *Excusing members of grand jury. Right of court and of foreman. Effect on indictment. Code 1906, Sec. 2704.*

The foreman of a grand jury has no right to discharge a member after the grand jury has been legally empaneled, but the court can for sufficient reason discharge a part of the grand jury and substitute others and should do so where the discharge of members would reduce the number below fifteen members.

2. SAME.

Where after a grand jury of eighteen members was duly empaneled the foreman excused four members, thereby reducing the number to fourteen members, this did not prevent the grand jury from proceeding with business.

3. SAME.

In view of Code 1906, Sec. 2704, providing that the empaneling of the grand jury shall be conclusive evidence of its competency and qualification and of the common law rule, that to render an indict-

ment valid, it is only necessary that twelve of the grand jurors consent, an indictment voted for and returned by only twelve members of a legally constituted grand jury is valid.

Appeal from the circuit court of Pearl River county. Hon. A. E. Weathersby, Judge.

J. W. McCoy was convicted of white-capping and appeals.

Appellant was indicted at the April term of the circuit court of Pearl River county for the crime commonly called "white-capping," as defined by Sec. 1398, Code of 1906. He was convicted, and sentenced to the penitentiary for five years. From this sentence and judgment, he appeals to this court.

On the facts of this case, appellant certainly has no ground for complaint at the verdict rendered. The proof fully warranted the jury in returning the verdict they did—"guilty as charged." The only assignment of error we will consider in this case is that "the court erred in overruling the motion to quash the indictment." The motion is as follows:

"And now comes the defendant in the above-styled cause, by his attorneys, and moves the court to quash the indictment returned against him herein, and in support of said motion assigns the following reasons why the same should be sustained, to-wit: (1) Because heretofore, on the 10th day of April, 1911, the grand jury which returned this indictment was duly impaneled, sworn, and charged according to law, and immediately began the investigation of violations of the law, and on the first day of the organization of said grand jury it heard and considered all of the testimony in the case, and continued its deliberations on said case throughout the whole of Tuesday, the 11th of April, same being the second day of grand jury's deliberations, and failed to return a bill of indictment against the defendant, and that accordingly on Wednesday, the third day of said jury's deliberations, the foreman of said grand jury, acting upon

the instructions of the district attorney, unlawfully and without legitimate or just cause for so doing excused four members of said grand jury from the grand jury room while deliberating on the merit of this case, said excused members being in no wise related to the defendant, and having absolutely no interest in the matter under investigation, one of whom lived in the extreme southern portion of Pearl River county, the offense having been alleged to have occurred in the extreme northern part of said county, the names of which said excused grand jurors are as follows, viz.: Will Lee, Print Smith, Webb Ladner, and Adolph Ladner. That immediately after said members were excused from said grand jury, and retired from the grand jury room, the remainder of said grand jury, in the absence of said excused members, and denying them the right to participate in the same, proceeded again to deliberate over said alleged offense and discuss the same, and then proceeded to return the indictment which is herein filed against the defendant. (2) Because four disinterested members of the grand jury were denied the right to participate in the investigation and discussion of this alleged offense. (3) Because at the time this indictment was returned the grand jury consisted of only thirteen members, after having excused the four above referred to.''

Upon this motion the court ruled as follows: ''The defendant offers to introduce evidence to establish the allegation in said motion, the court being of the opinion that the facts stated and alleged in said motion are insufficient to warrant the quashing of said indictment, and after hearing and considering said motion, the same is hereby overruled,'' to which action of the court the defendant then and there excepted.

*T. E. Salter* and *Toxey Hall,* for appellant.

The first assignment of error in the defendant's motion for a new trial is that the court erred in overruling

the motion to quash the indictment. It will be observed that this motion states that "the foreman of said grand jury, acting upon the instruction of the district attorney and the county attorney, unlawfully and without legitimate or just cause for so doing, excused four disinterested members of said grand jury from the grand jury room while deliberating on the merits of this case."

The only authority vested in a district attorney while attending the deliberations of the grand jury is that conferred by Sec. 1663 of the Mississippi Code of 1906, which reads as follows: "The district attorney shall attend the deliberations of the grand jury whenever he may be required by the grand jury, shall give the necessary information as to the law governing each case, in order that the same may be presented in the manner required by law."

We contend that neither the district attorney nor county attorney has any right to dictate to the grand jury what their procedure shall be. It certainly cannot be argued that the county attorney has any more authority in the grand jury room than has the district attorney, and it is our contention further, that the district attorney has not right, even to attend the deliberations of the grand jury except "whenever required by the grand jury," and when required by them to attend their deliberations the district attorney is only authorized to "give the necessary information as to the law governing each case." He has no authority to dictate to the foreman or to the grand jury what he shall or shall not do while investigating an alleged offense, and he has no authority to instruct the foreman or the grand jury to excuse disinterested members for a specific purpose or for any purpose, as was done in this case, and when he does so he usurps the functions of his office.

The action of the grand jury must be voluntary and free from outside influence while investigating and returning a bill of indictment, and must be as free from

the influence of the court and the district attorney as from that of a person who has no connection with the court. See *Blau* v. *State*, 82 Miss. 514; *Clair* v. *State*, 28 L. R. A. 367; *Herrington* v. *State*, 53 So. 783. It was never intended that the district attorney should "instruct" or dictate to the grand jury as to what they should or should not do while investigating a matter.

*Claude Clayton*, assistant attorney-general, for appellee.

It is unnecessary in disposing of this case to comment in any manner upon the testimony of the witnesses therein so I will at once proceed to come to the first assignment of error relied upon by counsel and upon which he asks that this case be reversed, to wit, that the motion to quash the indictment should have been sustained.

This motion to quash the indictment was predicated upon the fact that there was no legal grand jury that returned the same, for the reason that at the organization of the grand jury, it was originally composed of eighteen (18) men, and subsequently, and before the finding of the indictment, four (4) of these were excused by the foreman, thereby leaving fourteen (14) men to constitute the grand jury at the time the indictment was returned.

In support of the motion to quash the indictment, counsel for the appellant offered to introduce testimony to establish the allegations contained therein (see order overruling motion to quash, page 12), the court being of the opinion that if the allegations were established, they would not warrant the sustaining of the motion.

Under the authority of this court, as announced in the case of *Posey* v. *State*, 86 Miss. 141, the opinion being delivered by Judge Truly, it was held that less than fifteen (15) men did not constitute a legal grand jury. Therefore, it must follow, there being fourteen men on the jury when the indictment was returned, that the in-

dictment was void, and the demurrer to the indictment should have been sustained; or if there had been a doubt as to the number of men on the grand jury at the time of the finding of the indictment, then counsel for appellant should have been given the opportunity to have established the same.

McLain, C. (after stating the facts as above).

This motion to quash the indictment is based upon the idea that there was no legal grand jury that found and returned the indictment. From the record in this cause, it is evident that the grand jury was duly and legally organized with eighteen men. After they retired to their room to consider of their business, and before the finding of this indictment, four of these were excused by the foreman, thereby reducing their number to fourteen members present at the time this case was considered and indictment found and returned into open court.

It is contended that "under authority of the court, as announced in the case of *Posey* v. *State,* 86 Miss. 141, 38 South. 324, the opinion being delivered by Judge Truly, it was held that less than fifteen men did not constitute a legal grand jury; therefore it must follow, there being only fourteen men on the grand jury when the indictment was returned, that the indictment was void," etc. We do not think that the facts in this case are applicable to the above announcement of the court. This quotation from the opinion of Judge Truly we fully indorse; but we are clearly of the opinion that the facts of this case are quite different from the facts involved in that case. After this grand jury retired to consider of its business, the foreman had no power to discharge finally any member of the grand jury from the panel after it was duly organized by the court. That power alone is in the hands of the court. The court can, for good and sufficient reason, discharge a member from

the grand jury after it has been duly impaneled and re-
tired for business, making it a matter of record; and he
may, if he sees proper, substitute, or rather appoint,
another in his place. This the court should certainly
do, if the discharged members reduce the panel below
fifteen.

This grand jury was legally organized with eighteen
members. Our law provides that the grand jury shall
be organized with not less than fifteen members, and this
grand jury was legally organized with eighteen mem-
bers; and the fact that the foreman, for good and suffi-
cient reasons, we take it, excused four members of the
same, thereby reducing its numbers to fourteen, did not
prevent the grand jury from proceeding with business.
At the time this bill was found, there were fourteen mem-
bers present of the constituted grand jury of eighteen.
This was sufficient for the grand jury to transact busi-
ness. Indeed, twelve would have been a sufficient num-
ber. Whatever the number of the organized grand jury,
twelve jurors, by the unwritten rule, and largely by
statutes, are an adequate quorum for business. Bishop's
New Criminal Procedure, section 854. But there are
states in which statutes variously provide otherwise.
But "in England and all of our states, to render a find-
ing valid, twelve of the grand jurors must consent; nor
need more than twelve, even though this body should
consist of the full number of twenty." Bishop's New
Crim. Proc., section 854.

The record in this case shows that at least twelve of
the grand jury, when passing upon the question whether
a bill should be returned against appellant, voted in the
affirmative. At least twelve of the grand jury were pres-
ent when the bill was returned. We think the indictment
was found and returned by a legal grand jury. This
grand jury was legally constituted, and was a legal
grand jury when considering this case, and was a legal
grand jury when it returned the bill, and we think the

court properly overruled the motion to quash. "The judicial records of this country furnish mortifying testimony that many culprits have gone free, unwhipped of justice, because of technical exceptions taken to the grand jury who preferred the indictment." *J. W. Head* v. *State,* 44 Miss. 749. "For remedy for this sore grievance" the legislature has embodied into our statute section 2704, Code 1906. We cite a few of the many authorities throwing light in a more or less degree upon this subject: Code 1906, section 2704; *Posey* v. *State,* 86 Miss. 142-145, 38 South. 324; *Cain* v. *State,* 86 Miss. 505, 38 South. 227; *Logan* v. *State,* 50 Miss. 277; *Dixon* v. *State,* 74 Miss. 282, 20 South. 839; *Head* v. *State,* 44 Miss. 749; *Durrah* v. *State,* 44 Miss, 789; *Lee* v. *State,* 45 Miss. 116; *Nichols* v. *State,* 46 Miss. 286; *Chase* v. *State,* 46 Miss. 697.

We think the case should be affirmed.

*Affirmed.*

Per Curiam.—The above opinion is adopted as the opinion of the court and for the reasons therein indicated the judgment is affirmed.