SUPREME LODGE KNIGHTS OF PYTHIAS ET AL. *v.* KNIGHTS OF PYTHIAS OF NORTH AMERICA, ETC.

[59 South. 88.]

1. COURTS.    *Federal courts.    Conclusiveness of decisions.    Injunction. Corporate name.    Insignia.   Right to use.*

The right of a fraternal order to the use of its corporate name, and the incidental right to use the distinctive words in such name to designate the order, and to use the appropriate insignia, emblems, etc., when invoked in virtue of the authority to incorporate conferred by the federal general incorporation act of May 5, 1870 (16 Stat. at large 98, chapter 80), is claimed under an authority exercised under the United States within the meaning of the United States Rev. Stat., section 709, United States Comp. Stat. 1901, page 575.    Judicial Code (36 Stat. at large 1156, chapter 231, United States Comp. Stat. Supp. 1911, page 227), section 237 and where the federal court has acted the state courts are bound by its decision.

2. INJUNCTIONS.  *Laches.  Bar to right.  Corporate name.*

Where a fraternal order having the exclusive right to the use of its corporate name, has without objection permitted a newer order to use its name and exercise its attributes and franchises for a long time it is guilty of such laches as deprives it of the right to enjoin the newer order against the infringement of its name and the copying of its insignia and emblems.

APPEAL from the chancery court of Washington county. HON. E. N. THOMAS, Chancellor.

Suit by the Supreme Lodge Knights of Pythias and others against the Knights of Pythias of North America and South America, Europe, Asia, Africa and Australia. From a judgment for defendants, complainants appeal.

. This suit was begun by a bill in chancery filed by the appellants, the Supreme Lodge Knights of Pythias, a corporation, the Grand Lodge of Mississippi, a corporation, and certain officers and members, against the appellees, an incorporated negro order, and its purpose is to prevent the use by the latter concern of the name Knights of Pythias and of the emblems, insignia, and regalia of Knights of Pythias. It is shown that the white order was founded in 1864 at Washington, D. C., and charter was obtained in August, 1870, from Congress incorporating said order under the name of Supreme Lodge Knights of Pythias of the World; that certain amendments were had during the years following prior to 1890, when said charter expired by limitation at the end of twenty years. After the charter had expired, the Supreme Lodge continued to carry on the business of the order, and afterwards, to wit, in 1894, the order obtained another charter under the corporate name of Supreme Lodge of Knights of Pythias. The white order entered Mississippi in 1871. The negro order was organized about the year 1881 in Mississippi, and imitated the white order in name, emblems, etc., and was incorporated in the District of Columbia in 1889 under the name "The Supreme Lodge of Knights of

Pythias of Jurisdiction of North America, South America, Europe, Asia, Africa, and Australia.'' The negro order was incorporated in Mississippi in the year 1902 under the name of Grand Lodge (colored) Knights of Pythias of the State of Mississippi, under the Supreme Jurisdiction of North and South America, Europe, Asia, Africa, and Australia,'' although it had been operating in Mississippi many years prior to that time.

The bill alleges that, aside from the fact that complainant acquired the prior exclusive use to the name Knights of Pythias and the insignia, regalia, banners, etc., of said order, it has acquired valuable property rights and carries enormous amounts of insurance upon its members, and that it is embarrassing in the extreme for negroes to organize into lodges and call themselves Knights of Pythias, and leads to much confusion. It is not shown, however, that negroes are ever admitted to the white order, or that whites are ever admitted to the negro order. On the contrary, the two are kept separate and distinct as organizations. The bill in this case was filed in 1909, and its prayer is for a perpetual injunction enjoining and restraining the defendants from using or claiming the names, colors, nomenclature, insignia, regalia, uniforms, flags, banners, initials, emblems, tokens, etc., of Knights of Pythias. The negro order claims that the white order as now constituted and incorporated did not acquire the right to the use of the name, etc., before it had already been in use by the negro order, and that, if it did use this name before the negro order was founded, it never had exclusive right to do so; that, if it ever had such right as a court of equity would protect, it had failed to assert it, and by laches was now estopped to seek the relief prayed.

The chancellor, upon the hearing, entered a decree denying the relief and dismissing the bill. From this decree comes this appeal.

*Percy Bell,* for appellants.

*Moody & Percy* and *Cochran & McCants,* for appellees.

Counsel on both sides filed elaborate briefs but too long for publication.

Argued orally by *Percy Bell,* for appellants.

Argued orally by *W. A. Percy,* for appellees.

SMITH, J., delivered the opinion of the court.

The doctrine of laches was recently restated by us in the case of *Comans* v. *Tapley,* 57 South. 567; but it is immaterial whether the facts in this case bring it within the rule there announced, for the reason that the right or privilege of appellees "to the use of their corporate name and the incidental right to the designation Knight of Pythias and the use of emblems, insignia, etc., appropriate to the order," is claimed by "virtue of the authority to incorporate conferred by the general incorporation act of May 5, 1870, enacted by Congress," and consequently present for our determination a question reviewable by the Supreme Court of the United States, and therefore we are bound by the decision of that court, rendered June 10, 1912, in *Creswill* v. *Knights of Pythias, etc.,* 225 U. S. ——, 32 Sup. Ct. 822, 57 L. Ed. ——; *Hill* v. *State,* 89 Miss. 26. 42 South. 380.

In so far as they affect the right of appellees to the use of their corporate name, insignia, emblems, etc., the facts in that case and the one at bar are practically identical, and the court there held that, conceding that appellant's order originally had the right to the exclusive use of this name, insignia, emblems, etc., such right had become lost by reason of its laches, reversing the Supreme Court of the state of Georgia, which had held the contrary.

*Affirmed.*