LONG v. STATE.

(Division A. June 25, 1923.)

[96 South. 740. No. 23069.]

1. GRAND JURY. *Jury. Sheriff not relieved from assisting in drawing grand and petit juries, because such juries maye be called on to investigate an assault made on him with intent to kill.*
   A sheriff is not relieved from the duty of assisting in drawing the grand and petit juries, when it becomes his duty so to do under sections 2704 and 2716, Code 1906 (sections 2197 and 2209, Hemingway's Code), because of the fact that one or both of these juries may be called on to investigate an assault made upon the sheriff with intent to kill and murder him.

2. GRAND JURY. *Challenge to, as body, lies only for fraud.*
   A challenge to the grand jury as a body will lie only for fraud.

3. CRIMINAL LAW. *Change of venue in criminal case can only be granted for prejudgment in the public mind.*
   The power of the circuit court to grant a change of venue in a criminal case is granted and measured by section 1484, Code 1906 (Hemingway's Code, section 1242), consequently a change of venue can be granted only for the reasons therein set forth.

4. CRIMINAL LAW. *Where evidence for change of venue for prejudgment of defendant's case in public mind conflicting, decision of trial court not disturbed, unless manifestly wrong.*
   Where the evidence on a motion for a change of venue as to the prejudgment of the defendant's case in the public mind is conflicting, the decision of the trial judge thereon will not be disturbed unless it is manifestly wrong.

Appeal from circuit court of Choctaw County.

Hon. T. L. Lamb, Judge.

Dewey Long was convicted of assault and battery with intent to kill and murder, and he appeals. Affirmed.

*Teat & Potter,* for appellant.

I. The jury which was drawn and constituted the grand jury by whom this defendant was indicted was drawn in part by the principal prosecuting party, the sheriff, W. R. Crismond. We are mindful that under section 2211, Hemingway's Code, the provisions of law relating to listing, drawing, summoning, and empanneling juries are directory. W. R. Crismond, as sheriff and as principal party in interest, the aggrieved party, prosecutor and state witness, was manifestly disqualified to participate in the drawing of the jury in this instance for the trial of Dewey Long on this charge of assault with intent to kill and murder the said W. R. Crismond. He was a party in interest. The suit was nominally carried on in the name of the state, but Crismond was the real prosecutor, and he was, therefore, disqualified to act.

We do not appear to have a decision by our supreme court directly in point, but the principle here contended for is clearly stated in the case of *Ulmer* v. *Pistole,* 115 Miss. 485, 76 So. 522. See also *Cook* v. *State,* 90 Miss. 137; 43 So. 618.

In *Jones* v. *Woodworth,* 24 S. Dak. 583; 124 N. W. 844, Am. Cas. 1912 A, 1134, the sheriff of the county sued Woodworth for damages on the breach of a contract; and the defendant interposed a challenge to the array of jurors, summoned and returned to try the said cause on the ground that the plaintiff in said action was the sheriff of the said county at the time of the drawing of the jury for the said term of court, and participated in the drawing of the same, and that he, as such sheriff, summoned and caused to be summoned said jury. This challenge was denied by the court and the defendant duly excepted,

and the case was reversed.   See *United States* v. *Murphy,* 224 Fed. 554.

II.   THE CHALLENGE TO THE ARRAY OUGHT TO HAVE BEEN SUSTAINED BECAUSE THE SHERIFF WAS DISQUALI- FIED TO SUMMON.   *Koontz* v. *State,* 10 Okla. Crim. Law 553, 139 Pac. 842, 39 Am. Ann. Cas. 689; *Munshower* v. *Patton,* 10 Serg. & R. 334; 13 Am. Dec. 678; *Wetmore* v. *Levy,* 10 N. Bruns, 180.

111.   IT WAS ERROR TO OVERRULE THE MOTION FOR A CHANGE OF VENUE.   The weight and sufficiency of evi- dence to support a motion for a change of venue is stated in C. J. 215.   Here expressions of mob violence which the courts have recognized at all times as warranting a change of venue, are of short duration, and soon dissi- pated.   But the determined and studied effort of the sheriff and prosecution in the thoughtfulness of his pre- paration and the scope of his designs to convict this de- fendant are of infinitely more far-reaching effect than the hubbub of temporary mob spirit.   His hands went into the jury box, his eye over the list of jurors, his force sum- moning them and every prevading influence from his organization was moving with an accuracy and precision for the accomplishment of one end, the conviction of this defendant.

*James T. Crawley,* also for appellant.

Under the law section 2694 of the Code of 1906, fixes the method of drawing a jury for the next term of cir- cuit court.   Ant it makes it compulsory upon the judge to draw the list of names.   It says that the judge "shall draw" in open court—not may, but shall draw in open court—the names of fifty men to serve as grand and petit jurors, etc.

In the instant case the judge, with all due respect to him, failed to discharge the duty imposed upon him by the statute.   We admit that section 2718 of the Code of 1906, makes the jury laws directory; and that if in the

instant case we had sat idly by and raised no objection, this gross irregularity would have been cured. But we raised our voice in protest at the first opportunity presented and thereby saved our rights.

The motion to quash the indictment being overruled and the appellant having found out long before this by attempting to employ local counsel, that every lawyer in Choctaw county had been employed by W. R. Crismond, the sheriff of the county, and the injured party, and the chief prosecuting witness; and having ascertained that there was considerable ill will, grudge, prejudice, and malice against him, in the public mind of the county to such an extent that it would be impossible to secure a fair and impartial trial for himself then filed a motion for a change of venue as the law directs.

In *Tennison* v. *State,* 31 So. 421-422; *Whitfield, C. J.,* discussed a change of venue. See also *Anderson* v. *State,* 46 So. 66. The verdict in this case was contrary to the evidence. All the physical facts are contrary to the statement of W. R. Crismond, the only eyewitness.

There has been a miscarriage of justice in this case, the constitutional guarantee of a fair and impartiel trial has been deprived the appellant; and he is entitled, to a new trial, and a change of venue to some other county as the law directs.

*S. C. Broom,* Assistant Attorney General, for the State.

There was a challenge to the array of jurors, both grand and petit jurors, on the ground that the trial judge did not draw the jury list and plact the names so drawn in an envelope and proceed duly as directed by Section 2694, Mississippi Code of 1906, (section 2186, Hemingway's Code), and that therefore the chancery clerk, the circuit clerk, and sheriff, drew the list as authorized by section 2696, Code of 1906 (section 2188, Hemingway's Code). And it is contended that because the trial judge failed to draw the jury list in the first instance, thereby

making it necessary for the list to be drawn by the clerks and the sheriff, that whereas the sheriff in this case was the chief and prosecuting witness, and was vitally interested in the outcome of this case, that he should therefore not have been permitted to participate in the drawing of this jury, and having so done, they impute fraud; hence the challenge to the array of jurors.

There shall be no challenge to the array except for fraud, and there was no fraud, and could not have been any. A great deal has been written on the subject of quashing the jury box. The correct rule in such cases is that laid down by this court in the case of *Cook* v. *State,* 90 Miss. 137. See also *Campbell* v. *State,* (Miss.), 17 So. 441; *Ulmer* v. *Pistole,* 76 So. 522.

The supreme court will not interfere with the discretion of the lower court in the empaneling of the jury unless it appear that there was a gross and injurious exercise of it. See *Head* v. *State,* 44 Miss. 731; *McVey* v. *State,* 78 So. 151.

It is a well-stated principle of law in Mississippi that the right to a change of venue is a question submitted to the sound discretion of the trial court. It is also well settled that a judgment will not be reversed because the trial court refused to grant a change of venue, unless there has been an abuse of discretion. *Stewart* v. *State,* 50 Miss. 587; *Bishop* v. *State,* 62 Miss. 289; *Regan* v. *State,* 87 Miss. 422, 39 So. 1002; *Cheatham* v. State 67 Miss 339.

*Teat & Potter,* for appellant, in reply.

We have cited a number of authorities which hold that the sheriff under the circumstances of this case is disqualified to act as jury commissioner and summoning officer of the jury. The authorities are uniform in so holding such to be true. The appellee has not cited a single authority to the contrary. The facts are not in dispute and the authorities are not in conflict. The

court is therefore confronted with the question as to whether or not the sheriff in this cause was disqualified to act in his official capacity as jury commissioner and summoning officer. It does not devolve upon this appellant to show that actual fraud was perpetrated. The law conclusively presumes this to be true. *Collins* v. *State,* 99 Miss 47, 54 So. 665.

It seems to us monstrous to allow any officer to participate in his official capacity in the trial of a case in which he was interested. As we understand it, the courts everywhere with one voice have condemned such. The authorities cited for the appellee are not in point.

Argued orally by *Jas. T. Crawley* and *J. A. Teat,* for appellant and *S. C. Broom,* Special Assistant Attorney General, for the State.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction of assault and battery with intent to kill and murder. None of the assignments of error are well taken, only three of which require special notice. These are that the court below erred (1) in overruling the appellant's challenge to the grand jury which returned the indictment against him when it was about to be impaneled; (2) in overruling the appellant's motion to quash the indictment; (3) in overruling the appellants motion for a change of venue.

The grand and petit juries for the term at which the indictment was found were drawn by the sheriff and the circuit and chancery clerks, as provided by section 2696, Code of 1906 (Hemingway's Code, section 2188), and were thereafter summoned by the sheriff and his deputies. The sheriff is the person whom the appellant is charged with having assaulted, and the contention of the appellant is that the fact disqualified him from participating in the drawing of the jury. No misconduct of any kind is charged against the sheriff in either the drawing or summoning of the jury.

The statute does not relieve the sheriff for any cause

from the duty of assisting in drawing the grand and petit juries, when it becomes his duty so to do, and by sections 2704 and 2716, Code of 1906 (Hemingway's Code, sections 2197 and 2209), a challenge to the grand jury as a body will lie only for fraud; consequently the challenge to the grand jury was properly overruled.

For the same reason the motion to quash the indictment was properly overruled. The objection thereto is based on the same alleged incompetency of the grand jury complained of in the challenge to the grand jury, and under section 2704, Code of 1906 (Hemingway's Code, section 2197), an objection to the grand jury cannot be made by a motion to quash an indictment, but only by a challenge to the array for fraud.

The motion for the change of venue was predicated on several grounds, to-wit: (1) Prejudgment of the case in the public mind; (2) that the defendant was a stranger in the county; (3) that the prosecuting witnesses were the sheriff of the county and his son, who was a deputy sheriff; (4) that the sheriff by virtue of his office has political and personal influence with the people of the county; (5) that the entire bar of the county united in the prosecution of the defendant, so that the defendant was compelled to employ counsel living in another county.

Section 1484, Code of 1906 (Hemingway's Code, section 1242), which provides for the granting of a change of venue, permits the granting thereof only for the first of these grounds, and assuming, for the sake of the argument, that there is some testimony indicating prejudgment of the appellant's case, a large number of witnesses testified to the effect that the case had excited no particular interest in the county, and that there had been no prejudgment of the case, so that at most there was simply a conflict in the evidence relative thereto, which conflict was for the determination of the trial court, whose decision thereof should not be reversed, unless it is manifestly wrong, and this cannot be here said.

*Affirmed.*