## STATE *v.* FORBES.

[98 So. 844.   No. 73775.]

(Division B. Feb. 11, 1924.)

GRAND JURY. *Indictment and information. Objection for alleged il-legality in organization must be made before impaneling and cannot be made by motion to quash indictment.*

Section 2718, Code of 1906 (section 2211, Hemingway's Code), provides that all the provisions of law in relation to drawing, summoning, and impaneling juries are directory merely; while section 2704, Code of 1906 (section 2197, Hemingway's Code), provides that, after grand jurors shall have been sworn and impaneled, no objection shall be raised, by plea or otherwise, to the grand jury, but the impaneling of the jury shall be conclusive evidence of its competency and qualifications, but any party interested may challenge or except to the array for fraud. Under these sections all objections to a grand jury are cut off, except challenges to the array for fraud; unless the same are presented before the impaneling of the jury, and an objection to a grand jury on the ground of alleged illegality in its organization cannot be made by a motion to quash an indictment.

APPEAL from circuit court of Marion county.

HON. J. Q. LANGSTON, Judge.

Walter Forbes was charged with the unlawful possession of intoxicating liquors and, from an order sustaining a motion to quash the indictment, the state appeals. Reversed and remanded.

*H. T. Odom,* Assistant Attorney-General, for the state.

This is an appeal by the state from the judgment of the circuit court of Marion county sustaining a motion to quash the indictment herein, wherein the appellee was charged with unlawfully having in his possession intoxicating liquor.

I. Appellee's motion to quash the indictment should have been overruled because of his failure to make timely

objections to the grand jury which returned the indict-
ment, which must be done before the jury is impaneled.
*Dixon* v. *State,* 74 Miss. 271, 20 So. 839; *Posey* v. *State,*
86 Miss. 141, 38 So. 324; *Cain* v. *State,* 86 Miss. 505, 38
So. 227.

II.   A challenge of the grand jury as a body will not
lie except for fraud after same has been impaneled and
sworn.   The motion to quash the indictment herein was
a direct attack on the grand jury returning same, and
since said motion did not allege fraud in the organization
of the grand jury, nor against any member thereof, or
that any member or the grand jury as a whole was not
fair and impartial, the motion should have been over-
ruled as a matter of course.   *Head* v. *State,* 44 Miss. 749;
*Logan* v. *State,* 50 Miss. 277; *Dixon* v. *State,* 74 Miss. 282,
20 So. 839; *Posey* v. *State,* 86 Miss. 141, 38 So. 324; *Long*
v. *State* (Miss.), 96 So. 740.

III.   Section 2211 of Hemingway's Code, same being
section 2118, Code of 1906, provides that all of the laws
in relation to the listing, drawing, summoning and im-
paneling are directory merely, and a jury listed, drawn,
summoned, or impaneled, though in an informal or ir-
regular manner, shall be deemed a legal jury after it
shall have been impaneled and sworn; and shall have the
power to perform all the duties devolving on the jury.
*Quick et al.* v. *State,* 96 So. 737; *Posey* v. *State, supra.*

IV.   No presumption of error will be indulged to
invalidate judicial action.   *Cotton* v. *State,* 31 Miss. 504;
*Mills* v. *State,* 76 Md. 277, 25 Atl. 229; *Burrell* v. *State,*
129 Ind. 290; 28 N. E. 699; *State* v. *Bradford,* 57 N. H.
198; *United States* v. *Jones* (D. C.), 69 Fed. Rep. 873;
*State* v. *Arnold,* 55 Mo. 88; *Posey* v. *State, supra.*

For the foregoing reasons I respectfully submit that
the trial court was in error in sustaining the motion to
quash the indictment herein, and the case should be re-
versed and remanded for trial on the indictment.

*T. B. Davis,* for appellee.

The first grand jury impaneled was a legal grand jury. If this is true, and it should be true that the second grand jury (which found this indictment) is a legal grand jury, we are placed in the attitude of having two sets of grand jurors at one term, and if this is true, surely a third, fourth or fifth set would be legal.

We invite the court's attention to the case of *Shepherd v. State,* 89 Miss. 147. There but one body of men were drawn, but drawn by the judge himself, and he caused the slips containing the names to be turned up so that he could see who he was drawing as grand jurors. In reversing this case the court very strongly intimated that section 2197, Hemingway's Code, does not apply, but that a jury drawn in that way is void.

Section 2193, Hemingway's Code, provides how the grand jury shall be drawn, and it provides that the names so drawn shall constitute *the* grand jury, and be impaneled as such. It does not say that they shall be impaneled as "A" grand jury. *Rawls v. State,* 8 S and M. 599, is much in point.

To say that a judge can dismiss a grand jury and impanel another as he may see fit simply destroys all our law with reference to the organization and impaneling of grand juries, and places this one most important power in one man, and sweeps away all rights guaranteed by the Constitution and laws.

COOK, J., delivered the opinion of the court.

This is an appeal by the state from a judgment of the circuit court of Marion county sustaining a motion to quash an indictment charging the appellee with unlawfully having in his possession intoxicating liquor.

In December, 1921, there was called a special term of the circuit court of Marion county, for the transaction of criminal business only, and to continue for two weeks. On account of the illness of the regular judge, a special

judge was commissioned to hold the term and upon the convening of the court a grand jury was impaneled from the venire regularly drawn and summoned, and this grand jury entered upon its deliberations and continued the same throughout the first week of the court. On the sixth day of the term the presiding judge communicated to this grand jury his desire that it submit its final report, and the jury thereupon presented its final report and was finally discharged. On the same day that the first grand jury was discharged, an order was entered directing the issuance of a *venire facias* commanding the sheriff to summon twenty-five qualified electors and resident citizens of the county, and the following order was entered on the minutes of the court:

"It appearing to the court that the grand jury impaneled on the first day of this term of the court, and who made their final report on the sixth day and was finally discharged, did not and could not complete their investigations of crime in and for Marion county, and the court being of the opinion that the best interest of the county and the public at large demands that another grand jury be impaneled, sworn and charged for the term, and that the jury boxes prepared by the board of supervisors of the county are practically exhausted and that it is to the best interest of the county that a grand jury be drawn from the body of the good and lawful men of Marion county and the sheriff of the county now in obedience to the order of the court made on a former day hereof has summoned twenty-five (25) resident citizens and qualified electors of said county to serve as grand jurors. It is thereupon considered and ordered by the court that another grand jury for this term be impaneled from the list of men so summoned by the sheriff in obedience to the court so to do placed in his hands, and that said grand jury when impaneled, sworn and charged shall proceed to the discharge of their duties for the balance of the term or such time thereof as said grand jury may deem wise, lawful and proper."

The *venire facias* issued in pursuance of the orders of the court was executed, and out of the twenty-five jurors so summoned, a second grand jury was impaneled, sworn, and charged, without any objection on the part of the appellee or any one else so far as the record shows, and one result of the labors of the second grand jury was the finding and return of the indictment in the case at bar. The record discloses no reason whatever for the action of the trial court in discharging the first grand jury.

The appellee was not brought to trial on the indictment at the special term of court, but at the regular June, 1923, term, the cause came on to be heard upon appellee's motion to quash the indictment; the motion alleging that the indictment was void for the reason that the grand jury returning the same was improperly and illegally drawn, summoned, and impaneled because of the proceedings herein before detailed. At the hearing of this motion the various orders of the court touching the impaneling of the two grand juries were offered in evidence, and there was also evidence upon the question as to whether the jury boxes were so depleted that a second grand jury could not have been secured therefrom. Upon this question the testimony was conflicting. At the conclusion of the evidence offered on the motion to quash the indictment, an order was entered by the court sustaining the motion, and from this order the state has prosecuted this appeal.

On the record now before us it will not be necessary to consider the power of the circuit court to impanel a second grand jury during the same term of court, since, in the case at bar, no objection to the competency or qualifications of the jurors was made before the jury was sworn and impaneled, and no challenge to the array for fraud was interposed. Section 2718, Code of 1906 (section 2211, Hemingway's Code), provides that all the provisions of law in relation to the listing, drawing, sum-

moning, and impaneling juries are directory merely, that any jury listed, drawn, summoned, or impaneled, though in an informal or irregular manner, shall be deemed a legal jury after it shall have been impaneled and sworn; and shall have the power to perform all the duties devolving on the jury; while section 2704, Code of 1906 (section 2197, Hemingway's Code), provides:

"Before swearing any grand juror as such, he shall be examined by the court, on oath, touching his qualification; and, after the grand jurors shall have been sworn and impaneled, no objection shall be raised, by plea or otherwise, to the grand jury; but the impaneling of the grand jury shall be conclusive evidence of its competency and qualifications; but any party interested may challenge or except to the array for fraud."

In construing these sections this court has repeatedly held that they cut off all objections to a jury, except challenges to the array for fraud, unless the same are presented before impaneling, and that an objection to the grand jury cannot be made by a motion to quash an indictment. *Head* v. *State,* 44 Miss. 731; *Durrah* v. *State,* 44 Miss. 789; *Logan* v. *State,* 50 Miss. 277; *Dixon* v. *State,* 74 Miss. 282, 20 So. 839; *Cain* v. *State,* 86 Miss. 505, 38 So. 227; *Posey* v. *State,* 86 Miss. 141, 38 So. 324, 4 Ann. Cas. 221. In the very recent case of *Long* v. *State* (Miss.), 96 So. 740, in discussing the action of the trial court in overruling a motion to quash an indictment on account of alleged illegality in the organization of the grand jury, the court said:

"Under section 2704, Code of 1906 (Hemingway's Code, section 2197), an objection to the grand jury cannot be made by a motion to quash an indictment, but only by a challenge to the array for fraud."

The judgment of the court below will therefore be reversed, and the cause remanded.

*Reversed and remanded.*