BOWMAN *v.* STATE.*

[106 So. 264. No. 25078.]

(Division A.    Dec. 7, 1925.)

1. CRIMINAL LAW.  *In absence of record objection, no complaint of admission of statement.*

   The record failing to show any objection below, complaint may not be made of admission of statement made by deceased a short time before his death.

2. CRIMINAL LAW.  *Duty of appellant to perfect record to show omitted objection.*

   If objection to testimony, not shown by record, was made below by defendant, it was his duty to take proper steps to perfect the record.

3. CRIMINAL LAW.  *No reversal because juror not qualified elector.*
   Under Constitution 1890, section 264, that a juror was not qualified elector is not ground for reversal.

4. HOMICIDE. *Evidence held to support conviction of murder.*
In view of conflicts and contradictions in testimony of defendant and his wife, and the facts and circumstances in evidence tending to establish the state's theory, evidence *held* to support conviction of murder.

---

*Headnotes 1. Criminal Law, 17 C. J., Section 3331; 2. Criminal Law, 17 C. J., Section 3464 (Anno); 3. Criminal Law, 17 C. J., Section 3629; 4. Homicide, 30 C. J., Section 557.

APPEAL from circuit court of Coahoma county.

HON. W. A. ALCORN, JR., Judge.

Sylvester Bowman was convicted of murder, and appeals. Affirmed.

*John J. Adams,* for appellant.

I. Some jurors who sat on the case heard the testimony and argument of counsel and returned the verdict of guilty against appellant were not legally qualified electors. This is a legal prerequisite—which is necessary to qualify a citizen for jury service. Appellant did not know the said P. J. Fore at the time of accepting him on the jury and positively did not know anything about his disqualification as a juror until after the jury had returned their verdict in open court.

II. The verdict of the jury is contrary to the law as given by the court and the testimony as detailed by the witnesses. The appellant had the right to defend himself, his wife and his home. Hemingway's Code, section 960; *Ayers* v. *State,* 60 Miss. 709; *Patty* v. *State,* 88 So. 498; *Williams* v. *State,* 98 So. 242; *McNeal* v. *State,* 76 So. 625.

The testimony in this record is positively and overwhelmingly in favor of defendant and the facts may be explained on a theory consistent with the evidence for the defendant.

*J. L. Byrd,* Assistant Attorney-General, for the state.

I.   Complaint is made of a statement, testified to by Lawyer Stucky, made by the deceased while he was lying in the road and just before his death.   There was no objection to the introduction of this testimony by the appellant and we submit that the lower court cannot be put in error for the admission of testimony which was not objected to.

II.   There is nothing in the record to show that the appellant did not get a fair and impartial trial and the mere fact that a juror was not a qualified elector will not vitiate the verdict.   The leading case on the subject is *Tolbert* v. *State,* 71 Miss. 179, 14 So. 462.

III.   The main contention of appellant's counsel is that the evidence is not sufficient to support the verdict.

If we take as absolutely true the testimony of the appellant and his wife, the evidence might possibly reduce the crime to manslaughter, but we say that taking all of the facts and circumstances in the case, the testimony of the state's witnesses as to the state of feeling existing between the parties; the testimony of the physician that the deceased could not have run one hundred and ninety yards after being shot as he was; the contradictions and variances in the testimony of both the appellant and his wife; the fact that the deceased was not armed, and the further·fact that the appellant made statements altogether at variance with his testimony, are sufficient, we say, to warrant the jury in disregarding the appellant's testimony and finding that he killed the deceased in cold blood.

Argued orally by *J. J. Adams,* for appellant and *J. L. Byrd,* Assistant Attorney-General, for the state.

COOK, J., delivered the opinion of the court.

In the circuit court of the second district of Coahoma county the appellant was convicted of murder, and sen-

tenced to the penitentiary for life, and from this conviction and sentence he prosecuted this appeal.

For the disposition of this appeal we do not deem it necessary to state the facts in detail. On the night of July 4, 1924, Marion Harris, who was a straw boss on the same plantation on which the appellant was a tenant, was found mortally wounded about one hundred ninety yards from appellant's home. Lawyer Stucky, a witness for the state, testified that about ten o'clock on the night of the killing, as he was traveling a road which passes near appellant's home, he met the appellant in the road in front of the house; that appellant stated that he had shot at some one who came "driving (or breaking) out of his house," but did not know who it was; that the party at whom he had shot went north down the road; that he found the wounded man on the side of the road some distance north of appellant's home; that the wounded man stated to him that the appellant had shot him; that the witness asked "what he had shot him for," and he replied, "Nothing, only I begged him not to shoot me, and he shot me anyhow." This witness further testified that he remained with the wounded man until he died about a half hour later, and that he saw no pistol on or near the person of the wounded man.

The appellant testified that he reached his home about eleven o'clock on the night of the homicide; that when he entered the door of his room he found Marion Harris sitting on the foot of his bed, and his wife sitting in a chair by the bed; that as he entered the door Harris sprang up and snapped his pistol at the appellant; that he, the appellant, turned to a sewing machine sitting near by, and secured his pistol from the machine drawer; that Harris then ran through the back room and out of the house, while his wife ran out the front door; that he then closed the front door and went to the back door to close it; that Harris was standing outside the back door, and made a threatening demonstration toward him with the pistol, and thereupon he shot him three times.

Appellant's wife testified that Marion Harris came to her room late at night and made improper proposals to her, and that at the time her husband came in Harris was sitting on the foot of the bed, and she corroborated her husband in the statement that he snapped his pistol in her husband's face, and she became frightened and ran away. In certain material aspects the testimony of this witness is in conflict with the testimony of her husband, and she is contradicted in several particulars by other witnesses, and particularly by her testimony given on a former trial of the case. Likewise the appellant's testimony as to the incidents leading up to the shooting is contradicted in several material particulars by evidence of previous statements made by him, and by his testimony given at former trials of the cause.

The appellant complains of the admission of the statement made by the deceased while he was lying by the roadside and just before his death. The record fails to disclose that any objection to the introduction of this statement was made in the court below, and, in the absence of such objection, the appellant cannot now complain. In the argument of counsel for appellant it was stated that such an objection was made, and that a page of the stenographer's notes showing the objection was omitted in making up the record for this court. There is no break in the continuity of the examination of the witness to indicate that a page of the notes had been omitted; but, conceding that such is the case, it was the duty of appellant to take the proper steps to perfect the record, and he has not done so. It would seem unnecessary to again state that causes must be decided by this court on the record before us.

The appellant also seeks a reversal on the ground that one of the jurors was not a qualified elector of the county, and therefore not a qualified juror. There is no sufficient showing that the juror in question was not a qualified elector; but, conceding that he was not, section 264 of the Constitution of 1890 is a complete answer to this

assignment. This section of the Constitution provides that the fact that any juror is not a qualified elector shall not vitiate any indictment or verdict, and it has been applied in numerous decisions of this court. *Fulcher* v. *State,* 82 Miss. 630, 35 So. 170; *Tolbert* v. *State,* 71 Miss. 180, 14 So. 462, 42 Am. St. Rep. 454; *Posey* v. *State,* 86 Miss. 151, 38 So. 324, 4 Ann. Cas. 221.

The main ground for reversal argued by counsel is that the evidence is not sufficient to support the verdict. In view of the conflicts in the testimony of the appellant and his wife, the many contradictions of their testimony and the divergent statements made by them, and the facts and circumstances in evidence which tended to establish the theory of the state, we think the jury was warranted in disregarding the appellant's testimony and convicting the appellant of the crime charged.

None of the other assignments based upon the admission or exclusion of evidence present reversible error. No complaint is made against any of the state's instructions, while all the instructions requested by the defendant, twenty-two in number, were granted. We find no reversible error in the record, and, consequently, the judgment of the court below will be affirmed.

*Affirmed.*