John NEWMAN, Petitioner-Appellee,

v.

C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellant.

Abraham FRANCIS, Petitioner-Appellee,

v.

C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellant.

Nos. 73-3393, 73-3670.

United States Court of Appeals, Fifth Circuit.

June 28, 1974.

Rehearings and Rehearings En Banc Denied Oct. 7, 1974.

Shirley A. Wimberly, Asst. Dist. Atty., Louise Korns, Barbara Rutledge, Asst. Atty. Gen., New Orleans, La., for respondent-appellant.

John W. Reed, New Orleans, La., for John Newman.

Lolis E. Elie (Court-appointed, not under Act), George M. Strickler, Jr., New Orleans, La., for Abraham Francis.

Before DYER and MORGAN, Circuit Judges, and KRAFT, District Judge.

DYER, Circuit Judge:

These consolidated appeals raise the question of whether a state prisoner may challenge the validity of his indictment in a federal habeas corpus proceeding when a state rule of procedure prohibits the issue from being untimely raised in state court. We adhere to the principle that a district court cannot disregard the operation of a state waiver rule, absent a showing of actual prejudice by the habeas petitioner. Because the relief granted by the district courts did not comport with this waiver-by-failure-to-object principle, the district courts' writs must be vacated.

Newman was indicted by an Orleans Parish, Louisiana, grand jury in October, 1962 for aggravated rape and was convicted after a jury trial for that offense. Francis was indicted for felony murder by a grand jury in the same parish in December of 1964 and was subsequently found guilty by a jury of the offense charged. Thereafter both Newman and Francis unsuccessfully sought habeas relief in the Louisiana courts, alleging, *inter alia,* racial discrimination in the selection of their grand juries. Newman's petition was rejected on the ground that the grand jury system prevailing at the time of his indictment had not been discriminatory. In Francis' case, however, the state habeas court did not reach the merits of his contention, but held instead that Francis had waived the right to challenge the validity of the grand jury selection procedure since he had failed to file an objection within the period specified by the applicable Louisiana rule of criminal procedure.[1] It is undisputed that neither Newman nor Francis timely challenged their indictments on the basis of unconstitutionally constituted grand juries.

Failing to obtain relief in the Louisiana courts, the prisoners sought writs of habeas corpus in federal court pursuant to 28 U.S.C.A. § 2254. In each case the district courts concluded that the state had failed to show that the petitioners had deliberately by-passed state procedures and had failed to rebut the prima facie showing of discrimination in selecting grand juries. The district court which granted relief to Francis found alternatively that the petitioner had a "viable explanation" for his failure to file a timely challenge to the indictment. The court reasoned that if the matter had been presented by a *federal* prisoner seeking to avoid the waiver provision of F.R.Crim.P. 12(b)(2), the court would have found "cause" within the meaning of that Rule so as to justify relief.[2] The factual basis for the court's finding was that Francis had been represented by a civil lawyer, unskilled in the intri-

---

1. The rule then applicable was contained in LSA-R.S. 15:202:

    All objections to the manner of selecting or drawing any juror or jury or to any defect or irregularity that can be pleaded against any array or venire must be filed, pleaded, heard or urged before the expiration of the third judicial day of the term for which said jury shall have been drawn, or before entering upon the trial of the case if it be begun sooner; otherwise, all such objections shall be considered as waived and shall not afterwards be urged or heard.

The statute has since been repealed and replaced by LSA-C.Cr.P. art. 535.

2. F.R.Crim.P. 12(b)(2) provides in pertinent part that "[d]efenses and objections based on defects in the institution of the prosecution or in the indictment . . . may be raised only by motion before trial," and that failure to present such defenses or objections "constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver."

cacies of criminal practice, who had, by his inexperience, allowed the time for challenging the indictment to pass without objecting to the grand jury's composition.

In appealing from the grant of federal habeas relief to Newman and Francis, Louisiana argues that the district courts erred by applying the "deliberate bypass" test of Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, rather than the waiver-by-failure-to-object principle set forth in Davis v. United States, 1973, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216. In Davis the Supreme Court held that failure to raise an objection to the indictment prior to trial barred consideration of the alleged defect in the indictment in a collateral attack, unless the court found "cause shown" to excuse the operation of the express waiver provision. Although the Davis decision was rendered prior to the federal district courts' disposition of these cases, the record shows that the district judge in acting on Newman's petition did not consider Davis at all. The apparent reason for this omission is that the court relied on a magistrate's report prepared prior to the Supreme Court's opinion in Davis. On the other hand, the district court which granted Francis' petition considered the Davis holding, but accepted the distinction now urged by both Francis and Newman, that the decision concerned a federal prisoner and therefore has no application to a *state* prisoner seeking *federal* habeas relief.

This Circuit has already rejected the attempt to limit Davis to its precise facts. We recently affirmed the denial of a federal habeas petition challenging the selection of a Louisiana grand jury on the basis of the waiver provision contained in the present Louisiana rule.[3] Jones v. Henderson, 5 Cir. 1974, 494 F.2d 47. *See also* Marlin v. Florida, 5 Cir.

1974, 489 F.2d 702; Rivera v. Wainwright, 5 Cir. 1974, 488 F.2d 275.

▮ The record before us in Newman's case discloses nothing that would take his federal habeas claim outside the reach of Davis and our decision in Jones v. Henderson, *supra*. Therefore, we vacate the order of the district court and remand the case with directions to dismiss Newman's petition for habeas corpus.

Francis' petition, however, raises a more troublesome issue. Unlike the Florida waiver provision considered in *Rivera* and *Marlin, supra,* which is identical to Rule 12(b)(2), the Louisiana rule now before us purports to be absolute; that is, there is no "cause shown" exception comparable to the provision in the rules which we have previously considered.[4] The difference in procedural provisions requires an examination of the exception to the waiver-by-failure-to-object principle.

The Supreme Court in Davis accepted the district court's determination that there had been no "cause shown" to justify relief from the waiver provision of Rule 12(b)(2). The lower court's findings of fact persuaded the Supreme Court that Davis had not been prejudiced by the allegedly unconstitutional grand jury selection procedure. In recognition of the Rule's provision that a showing of prejudice overrides the interest of having an "airtight system of forfeitures," the Court stated:

> The presumption of prejudice which supports the existence of the right [as in Peters v. Kiff, 1972, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83] is not inconsistent with a holding that *actual prejudice* must be shown in order to obtain relief from a statutorily provided waiver for failure to assert it in a timely manner.

Davis, *supra*, at 245 (emphasis supplied).

---

3. *See* note 1, *supra*.

4. The *Jones* opinion did not discuss the issue of whether non-compliance with the present Louisiana rule might be excused, although

the Court did note that the petitioner had been represented by competent counsel. *Cf.* Tollett v. Henderson, 1973, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235.

We believe that such an exception must be engrafted on the Louisiana statute to allow a federal habeas court to excuse noncompliance with state procedural requirements when the petitioner can demonstrate actual prejudice. The state's interest in requiring the timely filing of motions, especially motions which may abort a criminal prosecution, is indeed strong. But the countervailing concern was expressed by the Supreme Court in Fay v. Noia, *supra*, at 431: "Of course orderly criminal procedure is a desideratum, and of course there must be sanctions for the flouting of such [a] procedure. But that state interest 'competes . . . against an ideal . . . [the] ideal of fair procedure.'"

By way of illustration, consider a hypothetical twist on the factual situation present in *Davis*. In that case, the petitioner, a black, was indicted along with his two white accomplices. The case against him, the district court found, was a strong one, although largely circumstantial. Moreover, ample evidence was adduced to justify a grand jury's determination that Davis should stand trial. If, unlike *Davis*, however, an unconstitutionally selected grand jury had chosen not to indict the white participants but instead to indict only the black perpetrator, and if a collateral attack on the underlying conviction was made which seriously challenged the sufficiency of the evidence even to indict, a federal court would not be powerless to grant habeas relief. Fundamental fairness requires that a federal court be able to remedy such a wrong in spite of a procedural defect such as failing to file a timely objection to the indictment, assuming, of course, that non-compliance with the state rule was not merely a deliberate tactical maneuver.

We conclude, therefore, that the Louisiana waiver provision must be given effect by the federal district courts unless there is a showing of actual prejudice. Consequently, the order of the district court granting Francis' habeas petition must be vacated, and the case remanded to permit a determination of whether the facts presented by Francis constitute a showing of prejudice which would excuse his non-compliance with the state's rule of criminal procedure.

Vacated and remanded with directions to dismiss with respect to Newman. Vacated and remanded for further proceedings consistent with this opinion with respect to Francis.