**George Edward WILSON, Petitioner-Appellant,**

v.

**W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 74–1088**

**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1974.

George Edward Wilson, pro se.

Robert C. Flowers, Jack Boone, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

Appeal from denial of habeas to a state prisoner.

* Rule 18, 5th Cir. *See* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

■ There is no merit to the contention that Art. 38.22, Vernon's Ann.Tex. C.Cr.P., as amended effective August 28, 1967, permitting introduction into evidence of petitioner's oral confession, was unconstitutionally applied. Petitioner's confession was made June 11, 1967, to a police officer, the statute was amended effective August 28, 1967, and the trial conducted July 8, 1968. Under the statute prior to the 1967 amendment a confession could not be admitted into evidence unless witnessed by "some person other than a peace officer." The 1967 amendment deleted this limitation. Petitioner does not claim that his confession, admitted after a full Jackson v. Denno[1] hearing, was involuntary but rather that a person other than a peace officer would be less likely to give a distorted or inaccurate version of an oral statement made by an accused. The deletion of the nonpeace officer requirement is a change in a state rule of procedure. The constitutional provision against ex post facto laws has no application to procedural rules. Donald v. Jones, 445 F.2d 601 (CA5, 1971).

■ Petitioner failed to timely raise in the manner prescribed by Texas law the contentions raised on petition that the grand jury which indicted him and the jury commission which selected the grand jury were selected in an unconstitutional manner. Under Texas law such a failure constitutes a waiver. *See* Tex.C.Cr.P., Arts. 19.27, 27.03; Scott v. State, 474 S.W.2d 226 (Tex.Cr.App. 1971); Smith v. State, 472 S.W.2d 520 (Tex.Cr.App.1971). In the absence of facts or circumstances which would justify relief from waiver, the state's procedural law providing for waiver will be given effect in federal habeas corpus proceedings. Davis v. United States, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973); Morris v. Sullivan, 497 F.2d 544 (CA5, 1974); Newman v. Henderson, 496 F.2d 896 (CA5, 1974); Rivera v. Wainwright, 488 F.2d 275 (CA5, 1974). Petitioner has shown no facts which warrant relief from waiver.

There are two other contentions without merit and requiring no discussion: a claim that petitioner's confession included both inculpatory and exculpatory remarks, and introduction of the confession by the state "vouched" for the credibility of all parts of the confession, requiring the jury to give effect to the exculpatory remarks by acquitting the petitioner, and a claim that a defendant in a similar case was given a lesser sentence than was petitioner.

Affirmed.

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

