Arthur Lee DENNIS, Petitioner-Appellant,

v.

Joe S. HOPPER, Warden, Georgia State Prison, Respondent-Appellee.

No. 76-3736 Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 11, 1977.

Rehearing Denied April 11, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Arthur Lee Dennis, pro se.

B. Dean Grindle, Jr., Asst. Atty. Gen., Arthur K. Bolton, Atty. Gen., John C. Walden, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

The petitioner alleges he has been denied his constitutional rights in that (1(a)) the grand jury that indicted him and (1(b)) petit jury that convicted him were illegally constituted on the basis of race; (2) his trial attorney was incompetent; (3) he was tried with an individual he had never met.

These allegations arise out of petitioner's trial and conviction for armed robbery, indictment No. 6–10108 on April 28, 1969, on which petitioner was sentenced to eight years imprisonment. On September 24, 1969, the petitioner was sentenced to 15 years for another armed robbery on indictment No. 6–10084, which sentence runs concurrently with the prior sentence.

The petitioner's claims—(1(a)), (2), and (3)—relate only to his conviction on indictment No. 6–10108. Relief, if warranted, would only affect the petitioner's conviction under that indictment, and would not affect petitioner's sentence under indictment No. 6–10084, which runs concurrently with No. 6–10108. Petitioner has shown no specific detriment from No. 6–10108, and we pretermit discussion of issues (1(a)), (2), and (3) by virtue of the concurrent sentence doctrine. *U. S. v. Barsaloux*, 5 Cir. 1969, 419 F.2d 1299; *Rogers v. Wainwright*, 5 Cir. 1968, 394 F.2d 492.

Petitioner's only claim that escapes the pale of the concurrent sentence doctrine is his allegation that the grand jury that indicted him was illegally constituted. Since the same grand jury returned No. 6–10108 and No. 6–10084, it is judicially noted that a finding favorable to the petitioner on this allegation would upset both convictions.

The petitioner baldly avers that Blacks were unconstitutionally excluded from the grand jury that returned the indictment. In the state habeas proceeding petitioner did not establish a prima facie case of an unconstitutionally composed grand jury. Without benefit of a prima facie case, petitioner's allegation does not warrant habeas relief. See *Willis v. Smith*, 5 Cir. 1970, 434 F.2d 1029, cert. denied 403 U.S. 932, 91 S.Ct. 2261, 29 L.Ed.2d 711 (1971).

Furthermore, even assuming that petitioner was indicted by a grand jury unconstitutionally composed, habeas relief is not merited.

Georgia law requires that challenges to grand jury compositions be urged at the earliest available opportunity. *Blevins v. State*, 220 Ga. 720, 141 S.E.2d 426 (1965). Failure to timely challenge the composition

of a grand jury waives the right to attack the composition collaterally, unless the petitioner can show *cause* why he did not urge this point and unless the composition produced actual *prejudice* to his case. *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); *Smith v. Estelle*, 5 Cir. 1976, 531 F.2d 260. Petitioner has neither shown cause nor prejudice.

Accordingly, the judgment of the district court denying relief is

AFFIRMED.