Artis LAVENDER, Petitioner-Appellant,

v.

Joe S. HOPPER, Warden, Respondent-Appellee.

No. 76-2634

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 17, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Artis Lavender, pro se.

Arthur K. Bolton, Atty. Gen., B. Dean Grindle, Jr., Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before GODBOLD, HILL and FAY, Circuit Judges.

JAMES C. HILL, Circuit Judge:

On May 13, 1974, petitioner, Artis Lavender, filed an application for writ of habeas corpus in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C.A. § 2254. Petitioner alleged in his complaint (1) that he had been denied a speedy trial in violation of his rights under the Sixth Amendment to the United States Constitution; (2) that his conviction was predicated upon perjured testimony in violation of the due process clause of the Fourteenth Amendment to the United States Constitution; (3) that the state indictment was defective in violation of the due process and equal protection clauses of the United States Constitution; (4) that his right to due process was violated by prejudicial remarks made by the prosecutor during the trial; (5) that his right to due process was violated by prejudicial remarks made by the trial judge in his charge to the jury; and (6) that his court-appointed attorney failed to advise him of his right to appeal, of the procedures to be followed in order to appeal, and of his right to appointed counsel on appeal in violation of his Sixth Amendment rights.

On July 26, 1974, after a review of the transcript of petitioner's original trial, the district court denied the petition for writ of habeas corpus insofar as the conviction was sought to be overturned on the basis of allegedly prejudicial remarks made by the prosecuting attorney and trial judge. However, on September 16, 1974, the district court set the matter down for an evidentiary hearing on the remaining issues and appointed an attorney to represent petitioner.

On the application of petitioner's counsel, the district court authorized petitioner to subpoena certain witnesses for the evidentiary hearing with all fees and costs to be paid by the United States. At a hearing held on November 1, 1974, the district court denied petitioner's motion to dismiss his counsel and continued the evidentiary hearing for two weeks. An evidentiary hearing was finally held on January 7, 1975, with regard to the remaining issues raised by petitioner in his habeas corpus application.

The district court subsequently granted habeas corpus relief. First, the district court held that petitioner had not been denied his constitutional right to a speedy trial in that the delay was not extensive and there was no showing of prejudice arising from the delay. The district court also concluded that insofar as petitioner complained of the sufficiency of the indictment, any defect was purely a matter of state law and not cognizable in federal court. On the issue relating to the use of perjured testimony, the district court dismissed that portion of the habeas application without prejudice since petitioner had been unable to present any evidence on this issue in light of the fact that the witness in question was currently a fugitive from justice. Laudably, the state conceded that petitioner had not been informed of his right to be represented by court-appointed counsel on appeal. The district court thus ordered that petitioner either be released, retried, or granted effective out-of-time appellate review.

The state chose to grant petitioner an out-of-time appeal. However, on August 1, 1975, the state was ordered by the district court to show cause why petitioner should not be released due to the state's failure to comply with the court's previous order. In correspondence to the court, petitioner asserted that while the state had appointed appellate counsel for him, he had never consulted with petitioner in any way and petitioner had no idea what steps, if any, had been taken to prepare or present his appeal. Furthermore, petitioner stated that he had been informed that his appeal had been denied but that he had never received a copy of the decision. At the same time that the show cause order was issued, the district court again appointed counsel to represent petitioner.

In an attempt to determine whether petitioner had been granted an "effective" out-of-time appeal as previously ordered, the district court directed that petitioner specifically detail those issues which he alleged should have been raised on appeal but were not because of his counsel's failure to consult with him. The issues thus raised were (1) the admissibility of certain statements made by petitioner, (2) the failure of the trial court adequately to charge the jury as to confessions and admissions, (3) the use of prejudicial photographs at the trial, and (4) petitioner's indictment by an illegally constituted grand jury. The district court then reviewed these claims "to determine whether they raised substantial questions of federal or state law which should have been addressed by petitioner's attorney on appeal." The district court found that the first three issues raised were without merit. As to the contention that petitioner was indicted by an illegally constituted grand jury, the court ordered a further response from the state. Finally, on April 14, 1976, the district court concluded that petitioner had failed to present even a prima facie case of jury discrimination. In addition, the court held that petitioner had waived this claim by failing to object before trial. Consequently, petitioner's application for writ of habeas corpus was denied. This appeal followed.

Petitioner's objection to the composition of the grand jury is without merit. The system by which jurors were chosen in Fulton County, Georgia was amended to eliminate segregated selection lists prior to the time of petitioner's indictment. *See Lumpkin v. Smith*, 309 F.Supp. 1325, 1328 (N.D. Ga.1970), *reversed on other grounds*, 439 F.2d 1084 (5th Cir. 1971). In addition, the claim was waived. *Wilson v. Estelle*, 504 F.2d 562 (5th Cir. 1974).

■ Petitioner also complains that no effort was made to find a witness needed by him to prove certain allegations. The district court allowed petitioner to serve numerous subpoenas at government expense. However, the issue of whether perjured testimony was used to convict petitioner was dismissed without prejudice when petitioner was unable to locate the necessary persons. Thus, this alleged error may be renewed by petitioner if and when he can locate the necessary witnesses. The action of the district court in dismissing without prejudice is, therefore, affirmed.

■ Finally, petitioner contends on this appeal that he was denied the effective assistance of counsel at his original state trial. That is, petitioner does not complain on this appeal of the ineffectiveness of his state appellate counsel, but instead raises the issue with regard to his original trial counsel. This issue was not raised by petitioner in the district court in this case. However, we have reviewed the record in a 1971 habeas application wherein petitioner did raise this issue in the United States District Court for the Northern District of Georgia and the same was denied on the merits. *See Lavender v. Smith*, Civil Action No. 14292 (N.D.Ga.1971). No appeal was taken from this order. Thus, petitioner is precluded from asserting this alleged error on this appeal.

AFFIRMED.