**Barbara WATKINS, Mary Ruby Thomas and Maggie D. Thomas, Petitioners-Appellants,**

v.

**S. L. GREEN and William Hollowell, Respondents-Appellees.**

No. 75–4423.

United States Court of Appeals, Fifth Circuit.

March 2, 1977.

Rehearing and Rehearing En Banc Denied April 4, 1977.

Thomas J. Ginger, Moore, Epps & Ginger, Jackson, Miss., for petitioners-appellants.

A. F. Summer, Atty. Gen., Timme Hancock, Asst. Atty. Gen., Jackson, Miss., for respondents-appellees.

Before COLEMAN, GODBOLD and HILL, Circuit Judges.

COLEMAN, Circuit Judge:

This habeas corpus case was brought by three individuals, convicted of the felonious shoplifting of wearing apparel. Six years after the date of the alleged offense they are still at large on bail. Privately retained counsel, seasoned defense attorneys,[1] waited until the day set for the trial of the first of the trio before launching a challenge to the racial composition of grand and petit juries in the Second Judicial District of Jones County, Mississippi. As to all three defendants, the state circuit court held the challenge to be untimely, the delay inexcusable, and, without a hearing on the merits of the challenge, overruled it. On the state court record, without an evidentiary hearing, the District Court denied habeas corpus relief.

We affirm as to the appellant, Barbara Watkins. As to Mary Ruby Thomas and Maggie D. Thomas, however, we conclude that the case must be remanded for an evidentiary hearing in the federal district court.

## I.

On October 28, 1970, the petitioner-appellants journeyed by automobile from their homes in Jackson to Laurel, about ninety miles away. Immediately after successfully executing a "lift" at one store, they were caught in the act of stealing wearing apparel at another. The fruits of the first event were forthwith found in their automobile, parked near the second store.

Granted a severance and tried separately, the defendants offered no evidence, resting their cases on the State's proof. Verdicts of guilty speedily followed, and there is no contention that the convictions lacked adequate evidentiary support. On appeal, the convictions were affirmed, *Watkins v. State*, 262 So.2d 422 (Miss., 1972), *cert. denied*, 410 U.S. 958, 93 S.Ct. 1416, 35 L.Ed.2d 692 (1973).

### Chronology

The events leading up to the motion to quash the indictments and dismiss the petit jury panels may be summarized as follows:

October 28, 1970. Defendants arrested at Laurel; held on bail to await the action of the grand jury.

March 15, 1971. The Circuit Court for the Second Judicial District of Jones County convenes; grand jury impanelled.

March 18, 1971. Grand jury indicts appellants (jointly) for the theft of wearing apparel, valued at $296, from The Famous Shop, Laurel.

March 19, 1971. Defendants, represented by retained counsel, arraigned. Enter their pleas of not guilty. No preliminary or dilatory motions are filed. *Case set for trial April 8, 1971.*

March 24, 1971. Defendants file motion for a severance, which is granted.

April 8, 1971. The day arrives for the trial of Barbara Watkins, the first named defendant. At 8:30 a. m., defense counsel file a motion *on behalf of all defendants to quash the indictment, the petit jury venire, and the jury pool.* They ask for subpoenas for various county officials and county records and move the Court "to set this matter down for hearing on a day certain"; further, that the Board of Supervisors be ordered to prepare a venire (jury pool) selected by "random sample from all of the

---

1. Jackson counsel for these appellants was well versed in the law of jury discrimination. See *Spencer v. State*, 240 So.2d 260 (Miss., 1970) and *Caston v. State*, 240 So.2d 443 (Miss., 1970) in which he represented the defendant-appellants. See, also, *Brooks v. United States*, 5 Cir. 1969, 416 F.2d 1044. In that case, this attorney had filed a jury discrimination motion in federal district court on the day the trial was scheduled to begin. Judge Clayton declined to consider it because it was untimely filed, stating that it was filed primarily to obtain a continuance. We affirmed.

alive persons on the Voter Registration Books of this District".

The motion alleged:

"Negroes having traditionally been, and are now being, in this district, by elected officials and their deputies and agents systematically excluded from the venire, from which grand and petit juries are chosen. The under-representation of Negroes on all the jury lists is the result of purposeful discrimination on the part of the persons choosing the juries, acting under color of law and in their official capacities."

Quite obviously, this allegation is of a conclusory nature. Specific facts, such as the number of white and black citizens whose names have been deposited in the master jury box, are not mentioned.

As U. S. District Judge Clayton (later a Judge of this Court) evaluated a similar move by the *same* defense counsel in *Brooks v. United States,* 5 Cir. 1969, 416 F.2d 1044, the motion had all the earmarks of a last minute ploy to obtain a continuance, at least as to Barbara Watkins.

## II.

 Under Mississippi law as it existed in 1971, the names of those to be called for possible service on grand and petit juries were selected by the County Board of Supervisors in April of each year for a period of twelve months. Those names were placed in separate compartments, representing the various beats, in a master jury box, sometimes referred to as the "wheel" or the "pool". These names were recorded on the minutes of the Board of Supervisors, *Ellis v. State,* 142 Miss. 468, 107 So. 757 (1926). The minutes are public records, open to the inspection of any interested person, especially litigants and their attorneys, *Pollard v. State,* 205 So.2d 286 (Miss., 1967).

The names of those actually summoned for jury service are drawn by the Circuit Judge, by chance, from the master jury box prior to the beginning of each term of the Circuit Court. These names are placed in envelopes, one for each supervisor's beat. On the first day of the term, in open court, the judge draws in rotation from each of the envelopes the names of those who are to serve on the grand jury. After the grand jury is impaneled, the judge, in like manner, draws the names of those who are to serve on the petit juries for the week, the purpose being to obtain jurors from a cross section of the entire county (or judicial district constituting a part of a county). Upon being thus drawn, the petit juries are impaneled. The procedure is codified, Title 13, Chapter 5, Miss.Code of 1972, which continues the statutes which were in effect in 1970–71 except that the master jury box is now filled by jury commissioners rather than by the Board of Supervisors as had previously been the case.

## III.

 Jury discrimination claims must be raised in a timely fashion, *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973); *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); *Newman v. Henderson,* 5 Cir. 1974, 496 F.2d 896, 897; *Morris v. Sullivan,* 5 Cir. 1974, 497 F.2d 544. Moreover, federal courts recognize state decisional law on the subject of waiver as to jury composition, *Morris v. Sullivan, supra.*

## IV.

 For a hundred years, and more, a Mississippi practitioner has been on notice that, in the absence of justifiable excuse for the delay, all dilatory motions must be raised prior to arraignment and plea; that, as a matter of course, arraignment will be deferred pending the disposition of such motions. If a defendant wishes, nevertheless, to make such a motion after pleading to the merits, the first step is to move for leave to withdraw the plea, at which point he may present facts justifying the delay in filing the motion.

The origins of these rules go at least as far back as an 1871 decision of the Mississippi Supreme Court, in which it was said:

"The judicial records of the country furnish mortifying testimony that many

culprits have gone free, unwhipt of justice, because of technical exceptions taken to the grand jury who preferred the indictments".

*Head v. State,* 44 Miss. 731, 749.

In *Durrah v. State,* 44 Miss. 789, 795 (1871), the defendant had been indicted for murder at the June term of the circuit court, 1870. He pleaded not guilty at the August term, but on August 8 he asked leave to withdraw the plea and to be allowed to file a motion to quash the indictment for the reason that "the grand jury was an illegal body". The motion was overruled.

The Supreme Court of Mississippi affirmed, saying:

"When the case had progressed to that stage that, according to the practice, the time for pleading dilatory pleas had passed, a party cannot expect, and ought not to ask, that his plea to the merits may be withdrawn, unless he presents matters in abatement, true in point of fact, and valid in law. The Court in adjudging upon such an application favorably to the accused ought to be satisfied that the plea is sufficient and valid."

In 1878, Justice Simrall wrote again, citing the above cases, holding that the failure, in a timely manner, to raise objections to the manner in which a jury is constituted "will be construed as a waiver", *Gavigan v. State,* 55 Miss. 533, 540.

In 1906, the Mississippi Supreme Court had occasion to consider a motion to quash filed after a plea of not guilty, raising a right guaranteed by the federal Constitution, *Hill v. State,* 89 Miss. 23, 42 So. 380. It was there written:

But the record shows that, when the indictment was returned, defendant was in jail, and that, on the day he was arraigned and pleaded not guilty, on account of his inability, through poverty, to employ counsel, attorneys were appointed by the court to represent him. It

does not appear whether the plea of not guilty was entered before counsel were appointed or not. *If we were satisfied from the record that the plea of. not guilty was entered on the advice of counsel, or after opportunity to consult with them, we would not hesitate to hold that the objections to the indictment were waived by the plea of not guilty.* [Emphasis added.] Under the peculiar circumstances of this case, as it seems probable that the arraignment was had and the plea of not guilty was entered ignorantly and before receiving legal advice, we are unwilling to hold that the defendant has been cut off from his right to object to the constitution of the grand jury. We think it more consonant with justice to reverse and remand, in order that, if the plea of not guilty was in fact inadvertently or ignorantly entered, it may be withdrawn, and the motion to quash may be heard on its merits.

Mississippi also has statutes which require that objections to an indictment, based on the composition of the grand jury, shall be filed before the jury shall be impaneled. Sections 99–7–21, 23, Miss.Code of 1972. This means that up until the time that the grand jurors are given the oath (even after they have been selected by the procedure hereinabove set forth) such motions may and must be filed and must be disposed of before the grand jury becomes such in fact by the administration of the oath, see *Flowers v. State,* 41 So.2d 352 (Miss., 1949), *cert. denied,* 339 U.S. 946, 70 S.Ct. 800, 94 L.Ed. 1360 (1950).

■ These defendants had been bound over to await the action of the grand jury, they were under bond to appear in response to that action, they were represented by privately retained counsel, and the identity of those included in the master jury wheel had been of public record for eleven months. This is the classical situation requiring counsel to file a motion to quash the grand jury venire before the grand jury is sworn, *Cameron v. State,* 233 Miss. 404, 102

So.2d 355 (1958). To like effect, see *Dumont v. Estelle,* 5 Cir. 1975, 513 F.2d 793; *United States ex rel. Goldsby v. Harpole,* 5 Cir. 1959, 263 F.2d 71.

Even if we were to ignore the requirements of the statute, the well marked decisional law of the State, in the absence of justifiable excuse for the delay, requires any challenge to the composition of the grand jury to be filed before pleading to the indictment.

On both scores we have no difficulty holding that as to all three defendants the challenge to the indictment came too late and the indictment must stand undisturbed.

### V.

Mississippi has no statute governing motions to quash a petit jury venire or to dissolve petit jury panels once they have been impaneled. In the absence of a statute, we are remanded to state decisional law on the subject.

■ Mississippi decisional law is that a challenge to the array or a motion to quash the venire should be made *at the first opportunity,* as soon as the facts which warrant it are known, *Goldsby v. State,* 226 Miss. 1, 86 So.2d 27 (1956), *cert. denied,* 352 U.S. 944, 77 S.Ct. 266, 1 L.Ed.2d 239.

The Mississippi statute for the impaneling of petit jurors (other than special venires in cases of homicides), in effect in 1971, reads as follows:

§ 1792. *How petit juries impaneled.*

After the drawing of the grand jury, the remaining jurors in attendance shall be impaneled into three petit juries for the first week of court if there be a sufficient number left, and, if not, the court may direct a sufficient number for that purpose to be drawn and summoned; but if there be more than enough jurors for the three juries, or for two juries if the court shall direct only two to be impaneled, the excess may be discharged, or they may be retained, in the discretion of the court, to serve as talesmen; and, if so retained, they shall have the privilege of members of the regular panel, of exemption from service.

The petit jury panels from which the Watkins trial jurors were to be selected had been impaneled at the beginning of the week, on Monday, April 5. Watkins was to go to trial on Thursday, April 8. The opportunity to challenge the *jury pool* from which these petit jurors were drawn had existed since March 19. There was no effort to withdraw her plea and no valid effort to explain the failure to present the motion at least as early as April 5. Counsel waited until trial day and then attempted to raise the issue.

■ It is obvious that the objection to the composition of the petit jury panels from which the Watkins trial jury was selected, like the objection to the grand jury, came far too late, amounting to a waiver under Mississippi law. As to Barbara Watkins, the actions of the state trial court in denying the belated objection was eminently correct and there was no necessity for the federal district court to hold a hearing on her case.

### VI.

The cases of Mary Ruby Thomas and Maggie D. Thomas, however, stand on a different footing. Their cases were not tried until the week following the Watkins trial. The petit juries which were to try these defendants were not impaneled until Monday, following the filing of their motion on the previous Thursday. The Thomas motions being filed before their petit juries were impaneled, we must hold that they were entitled to have their motions heard and decided before being put to trial.

### VII.

We affirm the Judgment of the District Court as to Barbara Watkins.

We vacate that portion of the Judgment of the District Court which denied the Thomases habeas corpus relief without a hearing. As to them we remand to the District Court with the assumption that the hearing mandated herein will be promptly conducted.

We vacate the order of the District Court which allowed Barbara Watkins to remain at large on bail pending this appeal.

The mandate will issue forthwith.