**Amos LUMPKIN, Petitioner-Appellant,**

**v.**

**James RICKETTS, Warden, Respondent-Appellee.**

**No. 76–3443
Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

May 2, 1977.

Rehearing and Rehearing En Banc Denied June 2, 1977.

---

\* Rule 18, 5 Cir.; See *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir. 1970, 431 F.2d 409. Part I.

Mack A. Player, Athens, Ga. (court-appointed), for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., B. Dean Grindle, Jr., John C. Walden, Richard L. Chambers, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

TJOFLAT, Circuit Judge:

This appeal challenges the dismissal of a habeas corpus petition by the district court. The petitioner's primary complaint is that the district court erred in its determination that he had waived his right under state law to contest the constitutionality of the composition of the grand jury. We find that the lower court correctly so held and affirm.

In *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), the Supreme Court had before it the question of whether a state prisoner who failed to make a timely challenge to the composition of the grand jury that indicted him could after his conviction bring that challenge in a federal habeas corpus proceeding. *Id.* at 537, 96 S.Ct. 1708. The petitioner in that case had waived that right under the Louisiana law in force at the time of his trial and conviction. Drawing support from *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), the Court concluded that to attack a grand jury composition collaterally in federal court when such right had been waived under state law, the petitioner had to show both cause for failing to make a timely challenge and actual prejudice. 425 U.S. at 542, 96 S.Ct. 1708.

The *Francis* Court specifically distinguished cases where state law would not impose a waiver. *Id.* at 542 n.5, 96 S.Ct. 1708. *Lefkowitz v. Newsome*, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975), would indicate that a federal habeas court need not stay its hand in such a situation. The

petitioner argues strenuously that under Georgia law he has not waived his right to object to the grand jury. He relies on Ga.Code Ann. § 50–127(1) (1974), which provides in pertinent part,

Rights conferred . . . by the Constitution of the United States shall not be deemed to have been waived unless it is shown that there was an intentional relinquishment or abandonment of a known right or privilege which relinquishment or abandonment was participated in by the party and was done voluntarily, knowingly, and intelligently.[1]

The Georgia Supreme Court has interpreted this provision to mean that unless there was an explicit waiver by the defendant, federal constitutional challenges, including those to grand juries, may be raised for the first time on habeas petitions. *Mitchell v. State*, 229 Ga. 781, 194 S.E.2d 414 (1972); *see, e. g., Johnson v. Caldwell*, 228 Ga. 776, 187 S.E.2d 844 (1972). *But see Ferguson v. Caldwell*, 233 Ga. 887, 213 S.E.2d 855 (1975); *Atkins v. Martin*, 229 Ga. 815, 194 S.E.2d 463 (1972).

■ We find this section inapplicable, however. The petitioner was indicted, tried and convicted of rape in the Superior Court of Fulton County in early 1967. He was sentenced on June 16 of that year. Section 50–127(1) did not become operative law, though, until July 1. 1967 Ga.Laws 835. Prior to that time, the law of Georgia had been clear that failure to challenge the grand jury array before trial resulted in a waiver of any such challenge. *Dennis v. Hopper*, 548 F.2d 589 (5th Cir. 1977); *Blevins v. State*, 220 Ga. 720, 141 S.E.2d 426

(1965); *Cornelious v. State*, 193 Ga. 25, 17 S.E.2d 156 (1941); *cf. Watkins v. Green*, 548 F.2d 1143 (5th Cir. 1977) (Mississippi law); *Wilson v. Estelle*, 504 F.2d 562 (5th Cir. 1974) (Texas law). Thus, since the petitioner failed to raise any objection at or before his trial, he has waived any right he had to challenge the composition of the grand jury under state law.[2]

■ Since the petitioner has waived his right to challenge the grand jury venire under state law, we must determine whether his case merits federal review by his having demonstrated both cause and prejudice. *Francis*, 425 U.S. at 542, 96 S.Ct. 1708. He has shown neither. First, no prejudice has been either adequately asserted or proven. Petitioner claims that the venire which returned his indictment suffered from the same defect that was disapproved by the Supreme Court in *Whitus v. Georgia*, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967). This is not the case. In an earlier federal habeas proceeding, the petitioner challenged his trial jury array. In an opinion disposing of this claim, the district court made clear that the petitioner's grand jury had not been selected by means of the system discredited in *Whitus*. *Lumpkin v. Smith*, 309 F.Supp. 1325, 1328–29 (N.D.Ga.1970), *rev'd on other grounds*, 439 F.2d 1084 (5th Cir. 1971).[3] *See also Lavender v. Hopper*, 548 F.2d 1165 (5th Cir. 1977).

■ Second, petitioner has not demonstrated cause for failing to make a timely challenge. His only allegation in this regard is that his trial attorney provided ineffective assistance of counsel in failing to so

---

1. Ga.Code Ann. § 50–127(1) has been amended by 1975 Ga.Laws 1143. The section now reads in pertinent part,

   The right to object to the composition of the grand or traverse jury will be deemed waived under this Section, unless the person challenging the sentence shows in the petition and satisfies the court that cause exists for his being allowed to pursue the objection after the conviction and sentence has otherwise become final.

2. As did the Court in *Francis v. Henderson*, 425 U.S. 536, 537 n.1, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), we apply the state law in effect at the

   time of trial. *See also Watkins v. Green*, 548 F.2d 1143 (5th Cir. 1977).

3. Although the petitioner now makes the bald assertion that his grand jury was selected under the *Whitus* system, the district court noted in its opinion that counsel for both parties had agreed on the identity of the grand jury pool. *See* 309 F.Supp. at 1328 n.2. Moreover, petitioner did not appeal this finding. *See* 439 F.2d at 1084. As a result, he is precluded from arguing to the contrary on this appeal. *Lavender v. Hopper*, 548 F.2d 1165 (5th Cir. 1977).

object. This assertion must be rejected, however, for, if accepted, it would effectively eliminate any requirement of showing cause at all. If a petitioner could not demonstrate any legitimate cause, he would only have to raise the spectre of ineffective assistance of counsel to get his challenge heard. This we refuse to sanction.

We do recognize some cogency in the argument of petitioner nonetheless. The reason for this is that this court has already found that he was denied effective assistance of counsel in *Lumpkin v. Smith*, 439 F.2d 1084 (5th Cir. 1971). But the shortfall of the court appointed trial counsel discussed in that opinion was only the failure to advise petitioner of his right to appeal. *See generally Daniels v. Alabama*, 487 F.2d 887 (5th Cir. 1973); *Gregory v. United States*, 446 F.2d 498 (5th Cir. 1971); *Wainwright v. Simpson*, 360 F.2d 307 (5th Cir. 1966). The failure to advise a client of his right to challenge a grand jury array has not been similarly decried. In light of the fact that a federal habeas court has already found the performance of counsel at trial to be efficacious, *see Lumpkin*, 309 F.Supp. at 1330, and also that the *Whitus* problem had been corrected before petitioner's grand jury was empaneled, *see id.* at 1328–29, 1328 n.1, we do not find counsel to have been ineffective in failing to raise the issue in a timely fashion.

We have examined the other contentions of the petitioner and find them to be without merit. The judgment of the district court is

AFFIRMED.