**Donald Ray STEWART, Petitioner,**

v.

**James G. RICKETTS, Superintendent, Georgia Diagnostic & Classification Center, Respondent.**

**Civ. A. No. 76-14-ALB.**

United States District Court,
M. D. Georgia,
Albany Division.

June 8, 1978.

Donald Ray Stewart, pro se.

Arthur K. Bolton, Atty. Gen., State of Georgia, B. Dean Grindle, Asst. Atty. Gen., Atlanta, Ga., for respondent.

## RULING ON WRIT OF HABEAS CORPUS

OWENS, District Judge.

The petitioner, Donald Ray Stewart, seeks habeas corpus relief on the grounds that the grand jury which indicted him and the petit jury which convicted him were discriminatorily composed. Stewart, a black man, was convicted in 1971 of raping a white woman and was sentenced by the Dougherty County Superior Court to ten years imprisonment. During his trial he did not object to the composition of either the grand or petit juries and he did not directly appeal from that conviction as he had a right to do.

He first challenged his conviction that same year by way of a habeas corpus petition in the Tattnall County Superior Court. Among the grounds raised in that state habeas petition was the assertion that his grand and petit juries were unconstitutionally composed. The state habeas court failed, however, to rule on this question. After exhausting his state remedies in 1973, Stewart turned to this court seeking federal habeas relief pursuant to 28 U.S.C.A. § 2254. He did not raise the jury issue in his first federal petition and relief was denied on August 28, 1973. *Stewart v. Caldwell,* Civ.No. 1261 (Albany Division); leave to appeal in forma pauperis denied, United States Court of Appeals for the Fifth Circuit (No. 73–8342, November 21, 1973).

In 1973 in an unrelated civil proceeding this court declared the grand and petit jury lists in Dougherty County Superior Court to be unconstitutionally composed. *Thompson v. Sheppard,* 490 F.2d 830 (5th Cir. 1974). Stewart then brought this successive federal petition and raised the jury claim. This court ordered that he be allowed to proceed in forma pauperis only with respect to this new claim that his grand and petit juries were unconstitutionally composed.

I.

In *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976) the Supreme Court ruled that a state prisoner who fails to make a timely challenge to the composition of the grand jury that indicts him cannot challenge the composition in a subsequent federal habeas corpus attack of his state conviction. If the state has a valid rule of criminal procedure which requires the defendant to object to a grand or petit

jury during trial, failing which the objection is waived, then the federal court can honor that procedural rule by not allowing the convicted defendant to raise the jury claim in a federal habeas corpus proceeding. In essence the federal court imposes the waiver upon the defendant even though he may have had at the time of his trial a completely meritorious grand or petit jury claim.

In this case the question is whether the petitioner by failing to object at his trial to a grand and petit jury which this court subsequently adjudicated unconstitutional has thereby waived the objection as a basis for habeas relief. A part of this question is whether Georgia had a valid criminal procedure rule which required *timely* objection to the jury and whether that rule has been actually enforced against Stewart. If the petitioner did not waive his objection because Georgia did not require timely objection, then he is automatically entitled to have his conviction set aside, assuming that in 1971 the petit and grand jury list in Dougherty County were as unconstitutional as this court subsequently found them to be in 1973.

This court concludes that Georgia did have a valid procedural rule requiring timely objection which if not made resulted in waiver of the jury claim and also concludes that at no time has the state relieved Stewart of his failure to object. Furthermore, even though the petitioner may have been entitled to relief in the state habeas court, that court of its own choosing did not grant relief and it is not for this court to correct errors of the state habeas court.

### A. Georgia's Objection Requirement

 It is undisputed that Georgia has two trial rules, one statutory and one of case law, which require a defendant to object to the petit and grand jury at or before trial in order to preserve the question for direct appeal. Under Ga.Code Ann. § 59–803 the accused is required to challenge the array (the petit jury) when it is put upon him, and the failure to object at that time precludes raising it on direct appeal. *Wil-*

*liams v. State,* 232 Ga. 203, 206 S.E.2d 37 (1974). It has also long been a matter of decisional law that an accused must object to the composition or impaneling of the grand jury even before he is indicted. *Blevins v. State,* 220 Ga. 270, 141 S.E.2d 426 (1965); *Williams v. State, supra.* The time limitation for objection must be applied in a reasonable fashion, *Reece v. Georgia,* 350 U.S. 85, 76 S.Ct. 167, 100 L.Ed. 77 (1954); *Tennon v. Ricketts,* Civ.No. 76–27–Amer. (June 2, 1977), but if a criminal defendant completely fails to object then the waiver is validly imposed. *See Dennis v. Hopper,* 548 F.2d 589 (5th Cir. 1977). It is therefore obvious that if Stewart had appealed his case and raised the unconstitutional jury claim he would have been precluded from challenging either the grand or petit jury because he failed to object at trial as required by long standing Georgia criminal procedure rules which were in effect at the time of his trial and remain in effect today.

### B. Georgia's Habeas Statute

A serious complication arises, however, with respect to the "failure to object-waiver" principle of *Francis* because in 1967 Georgia enacted a new habeas corpus statute which appeared to create a new standard for waiver in Georgia:

(1) Grounds for writ.—

\* \* \* \* \* \*

Rights conferred or secured by the Constitution of the United States shall not be deemed to have been waived unless it is shown that there was an intentional relinquishment or abandonment of a known right or privilege which relinquishment or abandonment was participated in by the party and was done voluntarily, knowingly and intelligently.

Ga.Code Ann. § 50–127(1).

Arguably this statute would allow a habeas petitioner to raise by way of habeas corpus constitutional claims which were not considered on the direct appeal of his case simply because he unknowingly failed to raise them in the original trial of his case. More specifically, an accused who failed to

object to the composition of his grand or petit jury would have waived the matter on direct appeal and yet be able to raise it for the first time in a habeas suit, claiming that although he did not object, it was not "an intentional relinquishment or abandonment of a known right." Ga.Code Ann. § 50–127(1). The legislature of Georgia ended all confusion on this point in 1975 by specifically excepting from this habeas waiver standard all failures to object to grand juries. 1975 Ga.Laws 1143. But during the period from 1967, the original enactment date of § 50–127(1), and 1975, the date of the clarifying amendment, Georgia law with respect to waiver of a grand jury claim was unclear. The Georgia Supreme Court issued conflicting pronouncements on the question and never appeared to resolve definitively whether a waiver for failure to object would indeed be imposed on Georgia habeas petitioners who challenged their original petit and grand jury. *Compare Mitchell v. State,* 229 Ga. 781, 194 S.E.2d 414 (1972) *with Ferguson v. Caldwell,* 233 Ga. 887, 213 S.E.2d 855 (1973). *Atkins v. Martin,* 229 Ga. 815, 194 S.E.2d 463 (1972).[1] Because Stewart's 1971 conviction falls into this time span when the law was confused and because he did not object at trial, this case must resolve whether he should be relieved of his failure to object by virtue of the waiver standard in Ga.Code Ann. § 50–127(1) (1967).

■■ This court concludes that the petitioner cannot be permitted to raise his jury claim in federal court despite § 50–127(1) (1967) for three reasons. First, it appears that Georgia never changed its law imposing a waiver even though § 50–127(1) was enacted. Second, assuming § 50–127(1) did change the Georgia rule with respect to waiver of grand and petit jury claims, nonetheless the state habeas court did not relieve Stewart of his failure to object.[2] Finally, *Francis v. Henderson* allows a federal

court to impose the same waiver which a state appellate court would impose on the direct appeal of the case without regard to what a state habeas court could do with the jury claim in collateral proceedings.

■ Beginning with the first reason, although during the time of Stewart's conviction Georgia law was confused on the point, the state maintained its "waiver for failure to object" rule despite the language of Ga. Code Ann. § 50–127(1) (1967). The Georgia Habeas Corpus Act of 1967, Ga.Code Ann. § 50–101 *et seq.* was not designed to alter Georgia's long standing criminal trial procedure rules with respect to waiver. Rather, the statute was created, as its preamble clearly illustrates, to allow Georgia courts to hear and adjudicate collateral attacks of criminal convictions in as broad a fashion as the federal courts. It was an effort to keep Georgia criminal justice largely in the courts of Georgia and to that end, the narrowness of Georgia's old habeas remedy was repealed to make the Georgia remedy coextensive with the federal remedy. It is clear from the language of Ga.Code Ann. § 50–127(1) (1967), which comes directly from the federal case of *Fay v. Noia,* 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837, 869 (1963) that the legislature intended to enable state habeas corpus courts to hear all claims which a federal court would hear. To accomplish this purpose, the legislature attempted to enact the federal law of waiver so that a state habeas petitioner would retain as many constitutional grounds for reversal of his conviction in state court as he would in a federal court. In *Parrish v. Hopper,* 238 Ga. 468, 470, 233 S.E.2d 161 (1977), Justice Hall, (specially concurring) pointed out that in § 50–127(1) the legislature had tried to enact the federal law of waiver, a legislative effort which he believed was impossible because only the courts, especially federal courts, could dictate what the federal law of waiver would be.

1. *Compare Lumpkin v. Ricketts,* 551 F.2d 680 (5th Cir. 1977) *with Dennis v. Hopper,* 548 F.2d 589 (5th Cir. 1977); *see also Dixon v. Hopper,* 407 F.Supp. 58, 68 (M.D.Ga.1976); *Mitchell v. Hopper,* 239 Ga. 781, 239 S.E.2d 2 (1977).

2. This point is further discussed in Part II of the opinion. The state habeas court simply failed to consider the merits of the petitioner's jury claim and made no reference to whether the claim was waived.

**916**

The conclusion to be drawn from the legislature's purpose in enacting § 50–127(1) (1967) is that it never intended by that statute to create a state rule of waiver which would relieve an accused of his waiver even though a federal court would enforce the waiver. In this particular case, *Francis v. Henderson* dictates what shall be the federal law of waiver with respect to grand jury claims and it has held that the federal law of waiver shall be determined with reference to state law. The state law remained at the time of Stewart's conviction that one who failed to object to a jury at trial waived the claim. Nothing in § 50–127(1) was designed to alter that long standing principle of Georgia criminal trial procedure because that statute was designed only to allow a state prisoner to bring in the state habeas court any federal claim which he might also bring in federal court. Therefore, Georgia retained its objection requirements during the period in question.

The second reason for imposing the waiver on this petitioner is that even assuming Georgia's legislature did alter the law of waiver for failure to object to a grand jury, in Stewart's case the state habeas court did not relieve him of the waiver. In his state petition he sought relief on the grand and petit jury claim, but the state habeas corpus court simply did not consider the merits of the claim. Perhaps this was an error of state law, assuming that § 50–127(1) would have permitted Stewart to raise his jury claim for the first time in a state habeas proceeding. It is not, however, for this court to correct errors made solely with respect to state habeas corpus law. One cannot state a federal claim for habeas relief by alleging that the state habeas court failed to apply properly state law. Thus, even if the state habeas court should have adjudicated the claim, it did not do so thereby leaving this court free to abide by the state's rule of criminal procedure that objection must be made at trial.

The final reason for not lifting the preclusive effect of the waiver is that *Fran-*

*cis v. Henderson, supra,* focuses mainly, if not exclusively, upon valid *trial* procedures of the state. As a principle of comity *Francis* holds that a state can have an enforceable trial rule requiring timely objection just as the federal courts have Rule 12, Federal Rules of Criminal Procedure, which also requires timely objection. *See Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). The thrust of the decision is that a federal court can abide by a state imposed waiver of a federal constitutional right when that waiver is a part of the trial and direct appeal of a state criminal case. Georgia, as discussed above, has such a rule and, in the words of *Francis,* no state court has yet "declined to impose the waiver" on Stewart. Accordingly, following *Francis* this court will also not relieve the petitioner of his failure to object.

The only remaining question is whether the petitioner fits within one of the exceptions to *Francis, supra.*

## II.

There are three exceptions to the waiver bar of *Francis.* First, if the state courts have chosen to litigate the merits of the grand jury issue despite the state imposed waiver, then a federal court may likewise examine the merits of the unlawful composition claim. *Lefkowitz v. Newsome,* 420 U.S. 283, 292, 95 S.Ct. 886, 891, 43 L.Ed.2d 196, 203 (1975). Second, if the petitioner can show that the waiver was "for cause", then he may be released from its precluding effect. *Francis v. Henderson, supra.* A third possible means of alleviating the operation of the state imposed waiver is to show actual prejudice as a result of the discrimination in drawing the juries. *Francis v. Henderson, supra; Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973); *Newman v. Henderson,* 496 F.2d 896 (5th Cir. 1974).

Beginning with the first of the exceptions to the state imposed waiver rule, in *Newman v. Henderson,* 539 F.2d 502 (5th Cir. 1976) the court held that if the state courts had entertained the merits of the

federal claim despite the waiver of the accused by failure to object, then a federal court must also determine the merits of the claim. *Id.* at 504. In the instant case, the state habeas corpus court did have before it the petitioner's allegations of an unconstitutional grand jury, but it did not adjudicate the merits of the allegation. No evidence was presented to the state superior court that the grand jury was discriminatorily composed. As to the petit jury, there was some evidence presented showing that although blacks were on the panel, none were on the trial jury because all were struck or otherwise disqualified. Because there is no constitutional right to a trial jury of any particular racial composition, *Taylor v. Louisiana,* 419 U.S. 522, 538, 95 S.Ct. 692, 42 L.Ed.2d 690, 703 (1975), this alone is not evidence of an improperly composed grand or petit jury. Thus, the state habeas corpus court had no evidence before it on the question of the allegedly unconstitutional juries and, not surprisingly, that court in its written opinion did not broach the topic of any systematic exclusion of blacks. It merely recited that no blacks were on the trial jury because of the lawful striking of blacks from the traverse jury by the prosecutor. This alone cannot be considered an entertaining of the merits of the claim raised by the petitioner in his state petition.

In *Francis,* the Supreme Court explained that the *Davis*-waiver principle would not apply to a state prisoner whenever the state courts *declined* to impose the state waiver. In this case, neither the state nor the petitioner even raised the waiver issue in the state habeas corpus proceeding. It is apparent, therefore, that the state habeas corpus court did not in any sense decline to impose a waiver because the question simply was not considered. In consequence, the petitioner is not relieved from the precluding effect of *Francis* because the state courts have neither considered evidence on the merits of petitioner's assertions, nor have they declined to impose the waiver.

■ The second exception to the preclusive effect of *Francis* is that a petitioner may be relieved from his waiver if he can demonstrate that the failure to object was "for cause." *Francis v. Henderson, supra.* Significantly, the petitioner has alleged no reason for his failure to object and no allegation in his petition, even most broadly construed, shows cause for this failure. "Absent such an allegation or showing, the objection is deemed to have been waived." *Wright v. Wainwright,* 537 F.2d 224, 226 (5th Cir. 1976); *see Cunningham v. Estelle,* 536 F.2d 82 (5th Cir. 1976); *Dumont v. Estelle,* 513 F.2d 793, 797 (5th Cir. 1975). Hence, Stewart cannot avail himself of this exception because his petition is devoid of any "for cause" allegation. In the state habeas corpus hearing his attorney testified that he did not know that the composition of the grand or petit jury might be invalid. (Habeas Corpus transcript at 33). A lack of knowledge on the part of counsel of a possible constitutional challenge to a grand jury does not suffice to show "cause" for the failure to object. *Arnold v. Wainwright,* 516 F.2d 964, 969 (5th Cir. 1975), *cert. denied,* 426 U.S. 908, 96 S.Ct. 2230, 48 L.Ed.2d 833 (1976). This court must conclude, therefore, that Stewart has not met the requirement of a "for cause" showing which would alleviate the state imposed waiver.

■ The third and final exception to *Francis, supra,* is that a showing of actual prejudice will also allow a petitioner to avoid the bar raised by the state procedural timeliness rule. In fact, a "strong showing of actual prejudice" is a prerequisite to relief, even if "cause" has been shown for the failure to object. *Dumont v. Estelle,* 513 F.2d 793, 797 (5th Cir. 1975). A petitioner must allege, therefore, some specific way in which he has been prejudiced in order to avoid dismissal of the petition without an evidentiary hearing:

> We recognize that the appellant's petition is before this court pro se, and therefore must be liberally construed in his favor, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), but we find no allegation or showing of either "cause" or actual prejudice.

*Wright v. Wainwright, supra* at 226.

Likewise, petitioner Stewart's allegations amount to no more than the assertion that he was prejudiced because he was convicted. The requirement that the petition must set forth some actual way in which the grand jury's or the petit jury's composition resulted in prejudice has recently been reiterated by the Fifth Circuit. *Lumpkin v. Ricketts,* 551 F.2d 680 (5th Cir. 1977); *Lavender v. Hopper,* 548 F.2d 1165 (5th Cir. 1977); *Dennis v. Hopper,* 548 F.2d 589 (5th Cir. 1977). Stewart has not met this requirement. *Cunningham v. Estelle, supra; Wilson v. Estelle,* 504 F.2d 562 (5th Cir. 1974).

In addition to the petitioner's failure to allege or show actual prejudice, the trial transcript reveals that there was ample evidence upon which to indict and convict the petitioner. Actual prejudice must be some extraneous influence which moves "a tribunal to decide a case on an improper basis, commonly, though not always, an emotional one." McCormick, *Evidence* 439 (2d Ed. 1972). In the instant case, however, the strength of the evidence presented at trial belied *any* reliance by the jury on an improper basis for its decision. There certainly was also more than sufficient evidence for any grand jury to return an indictment. *See Davis v. United States,* 411 U.S. at 244, 93 S.Ct. at 1583, 36 L.Ed.2d at 225. This court concludes, therefore, that the petitioner has failed to present any showing or allegation of prejudice.

### III.

In conclusion, Stewart failed to object to the composition of his grand and petit juries at any time until his state habeas corpus petition. He therefore waived the objection under applicable Georgia law and is precluded from raising it in federal court. Importantly, Stewart has not been prejudiced by the waiver or by the composition of his actually impaneled grand and petit juries. His indictment and conviction both rest upon strong and very convincing evidence, a factor which militates strongly the possibility of any prejudice in his case. Accordingly, the writ, having been considered, is hereby denied.

SO ORDERED, this 8th day of June, 1978.